FIRST NATIONAL BANK, Appellant, v. GEORGE WISE, Appellee.

**PLEADING:** Certainty and Definiteness—Failure to Question—Effect—False Representations. A pleading, inexact and vague, may be sufficient to properly raise an issue, when not assaulted by motion or demurrer.

PRINCIPLE APPLIED: Defendant contested an action on a note on the grounds of fraudulent representations. The answer did not specifically allege that defendant believed the representations to be true and relied thereon, but did allege that they were made "with the intention of inducing defendant to purchase the stock and that by reason of said fraudulent statements defendant was induced to purchase." *Held* sufficient, in absence of motion or demurrer, especially in view of the fact that the pleadings were treated as sufficient in the trial court.

**EVIDENCE:** Fraud—False Representations—Similar Representations to Others—When Admissible. To establish a charge of fraud and false representations, it may be shown that the party so charged made like or similar false representations to others at or near the same time and in connection with like or similar transactions.

**BILLS AND NOTES:** Fraud—Failure of Consideration—Shifting Burden to Plaintiff. When the fact fairly appears that the note was obtained by fraud and without consideration, the burden of proof swings back to plaintiff to establish that he obtained the note before maturity and without notice. Evidence reviewed and held not to meet this burden.

PRINCIPLE APPLIED: Defendant gave the note for stock in the W. Co. He fairly established fraud and failure of consid-

eration. The cashier, who, on behalf of plaintiff bank, took the note as collateral security, knew the consideration for which the note was given, but testified that *he* had no notice or knowledge of any fraud. The W. Co. and the plaintiff bank had close business and personal relations. Barnes was a principal officer in each corporation. Wixel, who was a principal figure in the W. Co., and who sold the stock, was Barnes' son-in-law. The W. Co. was a depositor and borrower at plaintiff bank. Defendant says he told Barnes, before the note was transferred, that the note was obtained by fraud and without consideration. Barnes did not testify. Apparently other collateral was up for the indebtedness and some of it taken down and defendant's note substituted. *Held,* plaintiff was not, as a matter of law, shown to be an innocent holder.

BILLS AND NOTES: Holder in Due Course—Evidence—Cashier Alone Testifying to Good Faith. The fact that the cashier of plaintiff bank testifies that *he* had no notice of any fraud in the note does not necessarily show that the plaintiff bank was without such notice, especially when there was evidence that one of the officers of the bank had been told of the fraud before the transfer of the note.

*Appeal from Pottawattamie District Court.*—HON. THOMAS ARTHUR, Judge.

FRIDAY, MARCH 19, 1915.

REHEARING DENIED TUESDAY, OCTOBER 5, 1915.

ACTION at law upon a promissory note made to the order of the Wixel Manufacturing Company, of which plaintiff claims to be an innocent holder. The defendant admits the making of the note, but alleges that it was obtained by fraud and without consideration, and denies that plaintiff ever purchased or became the owner of the note, but received and holds the same with notice of the fraud in its inception. There was a trial to a jury, which returned a general verdict for defendant. From the judgment entered on the verdict, plaintiff appeals.—*Affirmed.*

*Turner & Cullison,* for appellant.

*I. D. Shuttleworth,* for appellee.

WEAVER, J.—I. The appellant's first proposition is that defendant failed to produce any testimony tending to show that the note was procured by fraud or without consideration and that, because of such failure of proof, the court erred in refusing to direct a verdict for plaintiff.

In this respect, we find no error in the record. The evidence tends to show that the note in suit was given for shares of stock in the Wixel Manufacturing Company, and that the deal was negotiated by one Harold Wixel, acting for the corporation named. It also tends to show that Wixel made various representations to defendant to induce the purchase of the stock. Among other things, it is shown that he represented that the company owned a valuable patent, for which it had refused an offer of $125,000, and had purchased ground for a factory site in Sioux City to which it was about to remove its plant. He also, defendant swears, exhibited alleged pictures of the plant of the company at Marcus, Iowa, where he stated it had property to the value of the issue of stock, which was said to be $25,000. On these representations defendant swears that he relied in purchasing the stock, and further testifies that, upon subsequent investigation, he found that the company had no property in Sioux City and that the representations made to him concerning the property at Marcus were grossly exaggerated.

In submitting to the jury the question whether the note in suit was obtained by false representations, the court confined the inquiry to the alleged representations concerning property in Sioux City and Marcus. In view

**1. PLEADING: certainty and definiteness: failure to question: effect: false representations.** of the lack of testimony sustaining other representations, this limitation was properly made and appellant does not complain of it as far as it goes, but contends that the evidence relating to property in Sioux City and Marcus should also have been excluded. The objection is based mainly upon the proposition that the answer does not in terms allege that defendant believed the representations and relied thereon in

purchasing the stock. It is to be admitted that the pleading is quite vague and inexact, but it was not attacked by motion or demurrer, and trial was had in the court below on this issue precisely as if the allegations had been more formal and specific. Moreover, the answer does allege that the representations referred to were ''fraudulent and wrong and made with the intention of inducing defendant to purchase'' the stock, and that ''by reason of said fraudulent statements defendant was induced to purchase'' and to give the note sued upon. In the absence of any assault upon the pleading, we think these allegations are sufficient to raise the issue which was submitted to the jury, and that upon the record as made, the court could not properly dispose of it as a matter of law.

II. Other errors are assigned with respect to the admission of evidence as follows: Defendant was permitted to show that Wixel, the agent who sold the stock, had made similar false representations in negotiating or attempting to negotiate sales of the company's stock to other persons. In cases involving alleged fraud and false representations, proof of like or similar representations made to others by the party so charged, at or near the same time and in connection with transactions of a like character, is quite generally held admissible as tending to show knowledge and fraudulent intent. *Stewart v. Ranch Co.*, 128 U. S. 383. We find no error in the ruling.

2. EVIDENCE: fraud: false representations: similar representations to others: when admissible.

III. The defendant pleaded that the note was without consideration, and in support of his plea testified that the instrument was given for the purchase price of certain shares of said stock, but that the shares or certificates so purchased were never delivered to him. It appears from the evidence of a representative of plaintiff that when he approached defendant upon the subject of the note, the latter complained that he had never received the shares, and thereupon he was informed that the shares would be delivered to him when he was ready to take up the note. The court told the jury,

in substance, that if defendant subscribed for the stock and gave his note with the understanding that delivery of the shares was to be withheld until the note was paid, then the defense of want of consideration had not been made out; but if there was no such condition in the agreement, then defendant was entitled to a delivery when he gave his note for the purchase price, and a failure or refusal to make such delivery was a failure of consideration, which would relieve defendant from liability unless it should be found that the bank was the holder of the note for value and without notice of the defense. Of this instruction, appellant makes no complaint in argument and its correctness must be assumed for the purposes of this opinion; and if the jury observed such direction, as we must assume it did, they could scarcely have returned any other verdict than they did without disregard of the practically undisputed testimony upon that issue, so far at least as relates to the right of the defendant to insist upon this defense against the payee of the note and against any subsequent holder who received it with notice of the alleged fraud or want of consideration.

IV. The only other material inquiry is that which relates to the question of notice to plaintiff of the alleged defenses against the note. That the record does not present a case in which the court can say, as a matter

3. BILLS AND NOTES : fraud : failure of consideration : shifting burden to plaintiff.

of law, that plaintiff is an innocent holder and therefore entitled to recover, we have no doubt. If the note was obtained by fraud and without consideration, as the jury was authorized to find, the burden was upon the plaintiff to show that it obtained the paper before maturity and without knowledge or notice of the equities against it. To say the very least, this essential fact was not conclusively established. The Wixel Company and the plaintiff bank had close business and personal relations. Mr. S. F. Barnes was a principal officer of both corporations. Wixel, one of the chief figures in the manufacturing company, was Barnes' son-in-law. The

company was a depositor and borrower at the bank. Defendant swears that, before the date of the alleged transfer of the note, he called upon Barnes at the bank and spoke to him about the note he had given the company for the stock and told him it had been obtained by fraud and he had not got value received for it, to which statements Barnes responded that he did not think so. Barnes did not testify upon the trial, and the only evidence offered by the bank upon the question of notice was that of the cashier, or assistant cashier, who claims to have officiated in receiving the note for the bank as collateral upon an indebtedness contracted by the manufacturing company, and swears he knew the consideration for which the note was given, but adds, "I had no knowledge or information from any source or from any person that this note was obtained from the defendant by any misrepresentations of any kind or character." He further states that, prior to that time, the bank had extended credit to the company upon the security of certain collateral notes, and that the note in question was taken by the bank in exchange for a part of such collateral. In other words, as we understand the witness, the company was permitted to withdraw a part of the collateral it had originally put up with the bank and substituted therefor the defendant's note. This showing falls far short of making the plaintiff an innocent holder as a matter of law. In any event, the testimony of the cashier that *he* had no knowledge or notice of the equities against the note is not conclusive proof that the bank was without such knowledge or notice. See *McKnight v. Parsons,* 136 Iowa 390, 397, and cases there cited. And this is surely the rule where, as in the case at bar, there is evidence tending to show notice to another officer of the bank who is not called to deny it. The question of notice was fairly submitted to the jury, which found thereon in favor of the defendant, and we discover no sound reason for setting the verdict aside.

4. BILLS AND NOTES : holder in due course : evidence : cashier alone testifying to good faith.

Complaint is made that the charge of the court to the jury is confused and indefinite to such a degree as to require a new trial in order that justice may be done. We have read the charge with care and, while it may not be as concise and direct as its author would have made it if written at leisure instead of under the whip and spur of trial work, we think it is not open to the criticism which counsel make upon it. It covers the material points of the case and states the rules of law applicable thereto with fairness and reasonable precision.

The record discloses no prejudicial error and the judgment of the district court is—*Affirmed.*

Deemer, C. J., Ladd, Gaynor and Salinger, JJ., concur.