ALBERT PIXLER, Appellant, v. ALBERT CLEMENS, Appellee.

NEGLIGENCE: Contributory Negligence—Pedestrian on Highway. A pedestrian is not guilty of negligence *per se* (1) by walking along that side of a highway where he would *face the travel* properly coming towards him, and (2) by failing to maintain a lookout to his rear.

HIGHWAYS: Law of Road—Jury Question in re Negligence. A jury question as to the negligence of the driver of an automobile is raised by testimony which would justify the jury in finding that the injured party and the automobile were both traveling in the same direction, and that the automobile was on the *left-hand side* of the road.

NEGLIGENCE: Pleading—General and Specific Allegation of Negligence. Specific allegations of negligence do not neutralize a general allegation of negligence unquestioned in the trial court.

PLEADING: Construction—Practical Construction. Parties who, in the trial of a cause, treat the pleadings as raising a certain issue will be bound on appeal by such construction.

*Appeal from Clayton District Court.*—W. J. SPRINGER, Judge.

JANUARY 16, 1923.

REHEARING DENIED MARCH 13, 1923.

ACTION to recover damages for personal injuries resulting from the alleged negligence of the defendant in the operation of an automobile. Upon the conclusion of all the evidence the trial court directed a verdict for defendant and entered judgment for costs against the plaintiff who appeals.—*Reversed.*

*W. L. Eichendorf* and *William S. Hart,* for appellant.

*M. X. Geske* and *Stipp, Perry, Bannister & Starzinger,* for appellee.

DE GRAFF, J.—Plaintiff for cause of action alleges that on the evening of May 4, 1919 he was run over by an automobile negligently driven by the defendant on the North Iowa Pike road leading into the city of McGregor and that he was free from contributory negligence.

The negligence charged is as follows: ''Defendant was operating said automobile at a high and dangerous rate of speed on a down grade, without having said automobile under control, and without controlling or managing same, and without giving any warning or signals, and operating said automobile in a willful, unlawful, reckless, negligent, and careless manner, and keeping no lookout for and paying no attention to persons who might be upon said highway in front of said automobile; and had said defendant looked or paid proper attention to what he was doing, and had his automobile under control, he could easily have seen the said Albert Pixler and avoided running down, striking, and running over him; and the injury to said Albert Pixler and the damages resulting therefrom was due solely and entirely to the unlawful, reckless, careless, and negligent operation and mismanagement of said automobile by the defendant in the driving and control thereof.''

The defendant for answer admits that the plaintiff sustained an accident by coming in contact with an automobile driven by the defendant and that as a result thereof plaintiff was seriously injured, but defendant avers that he was driving the automobile in a careful and prudent manner and that the accident was caused by the inadvertence of the plaintiff in suddenly and unexpectedly darting from the road into the left-hand side of the automobile and denies generally the allegations of plaintiff's petition not expressly admitted or qualified.

At the conclusion of all the evidence the defendant moved for a directed verdict which motion was sustained by the court. Thereafter plaintiff filed his motion for a new trial which was overruled.

This appeal involves but one question. Was the court legally justified on the pleadings and the proof in sustaining defendant's motion for a directed verdict?

The accident happened about dusk on a country road leading into the city of McGregor from the west, which highway

constitutes an extension of Main Street. Plaintiff was a boy not quite 15 years of age at the time of the accident, and on the evening in question had been playing with other children a short distance from his home, which is quite close to the traveled portion of the street or thoroughfare. The auto driven by the defendant was traveling east and was occupied by the defendant and his wife and another woman by the name of Hoffman.

That the lights on the car were burning is not disputed, but as to their brightness the evidence is in conflict; that the defendant did not blow his horn is undisputed. These phases of the case, however, do not provoke the real difficulty in determining the correctness of the ruling of the trial court. Failure to give a warning signal does not constitute negligence when there is no apparent necessity for such warning and the obligation to give such signal is not imposed under the circumstances by statute. This, however, might present a jury question under all the circumstances of the case. No one testifies that the boy was ever in front of the automobile in question, but it is circumstantially proven that the boy was run over by the automobile. We recognize the rule that the mere fact that an accident happened about the time and place alleged causing injury to the plaintiff is not enough to make out a case for the jury.

Appellee further contends that there is no evidence of excessive speed which sustains any causal relationship to the accident. There can be little quarrel with this contention. The only testimony that would tend to prove negligence through unlawful speed is the statement of witness Rhinehart that he thought the automobile was traveling 30 miles per hour when it passed him on the road about 600 feet away from the place of the accident. It is shown that the occupants of the car saw the groups of children on the roadway ahead of them along the northerly or left-hand edge of the street as the car was driven east prior to the accident. Plaintiff's testimony also shows that the boy just immediately prior to the accident was standing near the north edge of the roadway about two feet into the street from the grass line at the edge of the traveled portion of the street.

He was facing eastward down the road talking to another boy who was a short distance ahead.

In view of the opinion of this court that the cause must be reversed no essential purpose is served in detailing the evidence. We are not advised as to the basis for the ruling of the court on the motion to direct, except the conclusion that may be drawn that plaintiff failed to establish by competent evidence the material allegations of his petition or his freedom from negligence contributing to the injury. Clearly it is not contributory negligence as a matter of law for a 14-year old boy to walk along with his playmates on the side of an unpaved street of an Iowa village. *Roennau v. Whitson*, 188 Iowa 138. The boy was lawfully on the street facing the direction from which travel on said street would approach him. True he was under obligation to exercise ordinary care and prudence under the circumstances, but this did not impose upon him a duty to anticipate the approach of an auto from behind on the side of the street on which he was walking and on a side of the street which the auto was not expected to use. In other words he was under no obligation to constantly look behind in anticipation of an auto approaching on the wrong side of the street. An automobile is required under the law to travel in cities and towns on the right-hand side. Section 1571-m18 Supplement Code 1913.

*1. NEGLIGENCE: contributory negligence: pedestrian on highway.*

There is a decisive conflict in the evidence as to the portion of the street in which the auto was being driven at the time and place of the accident. If the evidence would support a finding by the jury that the auto in question was on the wrong side of the street, and that the plaintiff was where he had a right to be, a fact question was presented and the jury should be privileged to determine the same. *Carpenter v. Campbell Automobile Co.*, 159 Iowa 52. The driver of an automobile is under obligation to operate his car on the proper side of a street both by law and by custom.

*2. HIGHWAYS: law of road: jury question in re negligence.*

Appellee in answer to plaintiff's contention in this particular states that "conceding, for the sake of argument, that

there was some circumstantial evidence from which it might
3. NEGLIGENCE: have been inferred that the automobile was on
pleading: gen- the wrong side of the road, despite the mass of
eral and
specific allega- direct evidence to the contrary, nevertheless the
tion of negli-
gence. plaintiff was not entitled to go to the jury on
that issue of negligence, because it was not pleaded.'' There is
not only· circumstantial evidence from which it might be in-
ferred that the automobile was on the wrong side of the road,
there was direct and positive evidence to this effect. The plain-
tiff himself testifies where he was walking.

Plaintiff does plead certain specific acts of negligence on the
part of the defendant, but it is also alleged generally that the
automobile was driven ''in a willfully reckless, negligent, and
4. PLEADING: careless manner,'' and that the damages sus-
construction: tained were due ''solely and entirely to the
practical con-
struction. reckless, careless, and negligent operation and
mismanagement of said automobile by the defendant in the
driving and control thereof.'' These allegations were not limited
or controlled by the narrower or more specific charges. The
pleading was not attacked by motion or otherwise, nor did the
defendant at any time in any manner during the trial of the
cause question the sufficiency of the allegations in relation to
the evidence that was introduced proving or tending to prove
that the automobile was on the wrong side of the street at the
time and place of the accident. The theory of the case as tried
below would compel the court in the instructions to submit to
the jury the question now urged by appellant. Had plaintiff
been apprised of the present objection of appellee it would have
been a simple matter to amend.

The trial proceeded with full acquiescence of the court and
the parties litigant as to the sufficiency of plaintiff's petition
and the competency of the evidence in support thereof. All legal
intendments are liberally indulged in support of a pleading,
and when parties recognize pleadings as authorizing certain
evidence, this is deemed a practical construction by the parties
and they are bound on appeal by such construction. The matter
in issue was properly in this case and we are bound to give
that interpretation of the pleadings which was adopted by the
parties themselves.

As said in *McLeod v. Thompson,* 138 Iowa 304; "The trial proceeded on the theory that the pleading was sufficient, and, as this matter was the only one wherein there was any dispute in the evidence, it could not have escaped the attention of the court. Attention to the course of the trial was its duty, and, the parties having treated the pleading as sufficiently specific, the court should have accepted their construction." See, also *Fenner v. Crips Bros.,* 109 Iowa 455; *First Nat. Bank v. Wise,* 172 Iowa 24; *Hanen v. Lenander,* 178 Iowa 569.

We conclude therefore that the court was in error in taking this case from the jury and directing a verdict for the defendant. Plaintiff was entitled under his theory of the case and under the pleadings and proof on this issue to have the fact questions determined by the jury. Wherefore the judgment entered is—*Reversed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.