GUSTAVUS WALDMAN, Appellee, v. SANDERS MOTOR COMPANY, et al., Appellants.

No. 41224.

1140

JUNE 24, 1932.

Dyer, Jordan & Dyer, for Sanders Motor Company and Ben Sanders, appellants.

Walter Canaday, Guardian ad Litem, for Frank Sanders, appellant.

F. W. Ganoe and Casper Schenk, for appellee.

FAVILLE, J.—Third Street in the city of Boone runs east and west. It is intersected by Linn Street, which runs north and south. In the early afternoon of June 10, 1930, the appellee was riding as a guest of his daughter, in a sedan automobile driven by the daughter and moving south on the west side of Linn Street. The appellant Frank Sanders, a boy 16 years of age, was driving a roadster automobile belonging to the Sanders Motor Company, or his father, Ben Sanders, and going east on or near the south side of Third Street. The cars collided within the intersection of said two streets and the appellee suffered the injuries for which damages are sought in this action.

Each of said streets is 30 feet in width in the intersection, but Third Street narrows to 22 feet in width just outside of the intersection. At the southeast corner of the intersection there is a gutter on Third Street which is covered by a steel bridge, thus preventing a car moving east into the intersection from being immediately close to the south curb.

The appellant Ben Sanders, the father of Frank, was the manager of the Sanders Motor Company, and at least a part owner therein. Frank had been employed in the garage operated by said motor company for a few days prior to the date of the accident, and was so employed at said time. The motor company owned the automobile which was being driven by Frank at the time of the accident. At about 12 o'clock on the day in question Frank took said automobile from the garage where he was employed and drove to the home of his parents, about twelve blocks distant, where he had lunch. Neither of his parents was home at the time and they had no actual knowledge of his taking the automobile. After lunch Frank took the automobile and drove to the home of a friend some distance from his home. In so doing

he was not returning directly to the garage where he was employed, but went to call on a boy friend by the name of Jennings. Two other boys from Des Moines were visiting at the Jennings home. They desired to obtain a tennis racket from Frank, and thereupon all four of the boys went in the car to the Sanders home and procured the tennis racket, and started on the return trip to the Jennings home, which was located on Third Street. Frank drove the automobile and two of the boys were in the seat with him. The other boy was seated on the left rear fender of the automobile, with his feet on the running board. The evidence is in dispute as to the speed with which each of the automobiles was moving at the time of the accident in the intersection. The result of the collision was that the Waldman automobile was thrown on its right side and whirled about. The Sanders automobile was turned to the left. The boy on the outside fender went over the top of the car and to the south. The automobile appears to have turned completely over, and landed "right side up," facing the south, in whole or in part on the parking on the south side of Third Street and east of the intersection.

The appellee's right hand was bruised and lacerated so that it became necessary to amputate a part of the palm and the first, second, and third fingers. Appellee also received some injury to his chest and it is contended that some of his ribs were broken. He was 70 years of age at the time, had retired from a fixed employment, but worked at odd jobs, particularly as a painter. The jury returned a verdict for the appellee and against all the appellants in the sum of $5,250.

The foregoing is a general outline of the facts in the case sufficient for our consideration of the errors relied upon for reversal.

■ I. Over objection appellee was permitted to testify that before the automobile in which he was riding entered the intersection he spoke to his daughter, who was driving the automobile, and said to her, "There comes a car." This evidence was objected to as immaterial, incompetent, hearsay, a self-serving declaration, and too remote. The objection was overruled.

The ruling was not erroneous. The burden rested upon the appellee to allege and prove his freedom from contributory negligence. The fact that he observed another car approaching the intersection and called the attention of the driver of the car in which he was riding to the presence of said car bore on the ques-

tion of contributory negligence, and was admissible for that purpose. As bearing somewhat on the question, see Willis v. Schertz, 188 Iowa 712.

II. Complaint is made of the action of the trial court in overruling appellant's objections to the testimony of each of the witnesses Means and Quinn.

The witness Means was a man 85 years of age, who lived with relatives on the north side of Third Street. At the time of the accident he was sitting on the porch of his home, a block and a half west of Linn Street, which, under the evidence, would be approximately 540 feet from the place of the accident. After qualifying as to his ability to judge the speed of a car, he was permitted to testify that at the time the Sanders car passed him it was, in his judgment, moving at the rate of 45 miles an hour. He did not follow the course of the car thereafter and did not see the accident. The witness Quinn also saw the Sanders car moving east on Third Street, when it was approximately 400 feet west of the place of the accident, and over objection was permitted to testify that, in his judgment, the car was then going about 45 miles an hour.

The particular complaint made is that the points of observation of the Sanders car by these witnesses were so remote from the place of the accident that the evidence of the speed at the points referred to was immaterial. It is argued that it is a matter of common knowledge that with the braking equipment of the ordinary automobile, a car going at 45 miles an hour, under ordinary conditions, on paving, may have the speed decreased or may be brought to a stop within a much less space than 400 or 500 feet, and that the speed of the car at such a distance from the scene of the collision has no probative value as evidence of the speed of the car at the time of the accident.

The authorities are not in harmony upon this proposition. We think, however, that the court did not err in admitting this testimony. It is difficult to draw any exact line and say at what distance from the place of an accident the speed of an automobile becomes too remote that proof thereof is improper. We are constrained to hold, however, that in the case at bar, the points of observation of these witnesses were near enough to the scene of the accident so that their evidence as to the speed of the car was admissible, even though it must be conceded that its probative value would be slight. As bearing on the question, see Taxicab

1144

Co. v. Hamburger, 125 Atl. 914 (Md.); Wigginton's Admr. v. Rickert, 217 S. W. 933 (Ky.); Tyrrell v. Goslant, 106 Atl. 585 (Vt.); Traynor v. McGilvray, 200 Pac. 1056 (Cal.); 2 Blashfield Cyc. of Auto. Law, pp. 1702, 1703.

■ III. A plat of the streets at the point of intersection was introduced in evidence and evidently used by both parties in the examination of witnesses. Certain marks were made thereon by the witnesses which were in the nature of designating the location of certain objects or things testified to by the witnesses. The appellants objected to the exhibit's being sent to the jury room and the court overruled the objection. The exhibit has been certified to this court and we have examined it. There is nothing contained thereon that could in any way mislead or prejudice the jury. The plat was properly in evidence. It was largely a matter of discretion on the part of the trial court as to whether or not the exhibit should be allowed to be taken by the jury to its room during its deliberations. We are satisfied that the court did not abuse its discretion in this regard and that no prejudice resulted to the appellants from the order permitting the exhibit to go to the jury room.

■ IV. One of the grounds of negligence submitted by the court to the jury was the claim that the automobile driven by Frank was being "driven at a speed in violation of the ordinances of Boone, Iowa." The ordinances of the city of Boone were introduced in evidence, and it appears therefrom that the city is divided into speed districts in accordance with Section 5030 of the Code. Code Section 5030-b2 provides for the placing of certain signs by the highway commission and for certain other signs of speed regulations to be furnished and erected by the city. Appellants contend that the evidence fails to show that the accident occurred within a residence district in said city, as the same is defined by Section 5030 of the Code. The plat which we have referred to and certain photographs offered in evidence clearly show that more than 40 per cent of the frontage on Third Street at and near the intersection in question, for a distance of 300 feet, was occupied by dwellings. It does not appear that the speed to be observed in the different districts in accordance with Section 5030 of the Code is dependent upon the placing of signs as required by Section 5030-b2. In other words, there is nothing in the statute to indicate that a driver of an automobile is not negligent in driving at a higher speed than that allowed by the

statute in a residential district even though there are no warning signs posted. The presumption obtained that the official acts of the Council in passing the ordinance were regular and that the legal requirements as to notices had been carried out.

The court did not err in submitting to the jury as one of the alleged grounds of negligence the driving of the automobile at a speed in violation of the ordinances of Boone, Iowa. As bearing somewhat on the question, see Pilgrim v. Brown, 168 Iowa 177, 185; also, Remington v. Machamber, 192 Iowa 1098.

V. Error is predicated upon the refusal of the court to give Instruction No. 1 requested by the defendant. In said requested instruction the court was asked to describe the rights of the respective parties with regard to entering the intersection. Among other things the requested instruction contained this statement:

"The fact that the Sanders car *had the superior right* over the Waldman car is a material circumstance for you to consider in determining what would be a reasonable and proper speed and what the exercise of ordinary care required of the driver of the Sanders car."

The requested instruction assumed that the Sanders car had a superior right over the Waldman car as a matter of fact. There was evidence tending to show the Waldman car entered the intersection before the Sanders car, and the court would not have been warranted in giving this instruction in the manner in which it was framed. Moreover, it appears to us that the court accurately instructed the jury in regard to the law on right of way and precedence at an intersection. See Wolfson v. Jewett Lbr. Co., 210 Iowa 244.

VI. Error is predicated upon the refusal of the court to give Requested Instruction No. 2. The requested instruction may be subject to the criticism of being somewhat ambiguous, and in any event, it appears that the rule of law therein referred to was embodied in the instructions given by the court, and hence there was no error in denying this request.

VII. Complaint is made of the court's refusal to give Requested Instruction No. 3. In said requested instruction the court was asked to tell the jury that if it found from the evidence that Frank Sanders was driving his car to the left of the center of Third Street before he drove into the intersection, such

fact was immaterial, and not the proximate cause of the collision, and that the jury should give it no consideration.

Code Section 5019 provides that operators of motor vehicles in cities and towns shall travel on the right-hand side of the center of the street. It was a question for the jury to determine whether as a matter of fact the driver of the Sanders car was driving the same on the left-hand side of the center of the street, and whether such fact, if the jury so found, contributed to the accident in question. This matter was also covered by a proper instruction given to the jury.

It is also true of Requested Instruction No. 4, which was refused, that the instructions of the court covered the matter involved in said request, and there was no error in denying it.

█ VIII. In Requested Instruction No. 5 the court was asked to tell the jury that, while it is the law that in all cases where damage is done by a car driven with the consent of the owner by reason of the negligence of the driver, the owner is allowed to meet and rebut such presumption of consent and to deny the same; and that if the jury found from a preponderance of the evidence that at the time of the accident the boy Sanders was driving an automobile owned by the motor company, with the owner's consent, but in pursuit of his own pleasure or convenience, and not in the service of the owner, then the verdict must be for the *defendants*.

It is obvious that the court did not err in giving the requested instruction in the form in which it was asked. Even if the owner of the car was exonerated from liability because of failure to give consent, it would not relieve the driver, and hence a verdict in behalf of *all* the defendants would not be proper.

█ The appellants contend that there was error in the giving of Instruction No. 12 on this subject-matter, and we therefore consider it at this time in connection with this request.

The court instructed the jury to the effect that there is a presumption that an owner of a car is at all times in control of his own property and exercises dominion over it, but that this presumption may be rebutted, and that the owner has a right to show that he did not consent to the use of the car at the time of the accident. There was evidence bearing on the question of the consent of the owner to the use of the car at the time of the accident. We fail to find reversible error in the instruction.

In this connection it is also contended that the verdict is con-

trary to this instruction. The case is very close on the fact question as to whether or not the car was being driven with the consent of the owner at the time of the accident; but in view of the reversal of the case and a possible retrial with a different record, it would not be proper for us to comment on the sufficiency of the evidence on this question at this time.

IX. Instruction No. 8 is as follows:

"You have also been told that plaintiff cannot recover unless he has shown by a preponderance of the evidence that he was not guilty of contributory negligence in bringing about the accident complained of. The burden of proof, as already said, is on him to show that he was free from such contributory negligence. In determining whether or not plaintiff was free from contributory negligence, as that term is defined in a preceding instruction, you will consider his acts and conduct and all the circumstances shown by the evidence to have surrounded the accident and his injury; and if you find from the preponderance of the evidence that he acted as a person of ordinary prudence under like circumstances would have acted, then you are warranted in finding him free from contributory negligence.

"If at the time of the injury he was riding in his daughter's automobile by invitation and as her guest merely, and you find that he neither exercised any control in the driving and management of the same nor had the right to so control it, then you may find him free from contributory negligence, even though you find that the daughter, as the owner and driver thereof, may have been guilty of negligence in the operation thereof; for under such circumstances, the law will not impute the negligence of the driver, if any there was, to the plaintiff.

"But, if you find that he did exercise control over the car at the time in question, and directed the management and operation thereof, or had the right to do so, then the daughter's negligence, if any there was, would become his negligence, and if the same contributed to the injury he now complains of, it would bar his recovery in this case."

Appellants do not complain of the first paragraph of this instruction on the question of contributory negligence, but do make complaint of the second paragraph of the instruction.

We think this complaint is meritorious. The court in this instruction was combining two rules of law, one pertaining to

contributory negligence, and the other to imputed negligence, but was unfortunate in the manner in which these subjects were considered in one instruction. In the second paragraph of the instruction above quoted the court told the jury that if the appellee was a guest in the automobile in which he was riding, and "he neither exercised any control in the driving or management of the same nor had the right so to do, then you may find him free from contributory negligence." Such cannot be the law. The court had already told the jury properly that the burden of proof rested on the appellee to show that he was free from contributory negligence. By the second paragraph of said instruction the court told the jury that if the appellee was a guest and he neither exercised any control in the driving or management of the car nor had the right so to do, then from that fact alone they could find him free from contributory negligence. In other words, the effect of the instruction is to tell the jury that the appellee carried the burden of proving his freedom from contributory negligence by merely showing that he was a guest and neither exercised any control in the driving and management of the automobile nor had the right so to do. Such instruction opened altogether too wide a door. It is true that in the remainder of the instruction the court referred to imputed negligence and instructed that the negligence of the driver of the car was not to be imputed to the appellee. But we see no escape from the conclusion that the jury in considering this instruction was bound to find that the court told it as a matter of law that the appellee carried his burden of proving his freedom from contributory negligence by merely establishing the fact that he was a guest, and neither exercised any control in the driving and management of the car nor had the right so to do. This would relieve him of all responsibility of warning the driver of a dangerous situation which he observed or making any protest with regard to the speed at which the automobile was being driven or objecting to any other improper manner of operating the automobile which might be dangerous to his own safety. It is not a sufficient answer to the error in this instruction to say that the instructions must all be read together. Even when this is done the error is not cured. We cannot say that the instruction was not prejudicial, and that it was erroneous is obvious. As bearing on the question, see Hubbard v. Bartholomew, 163 Iowa 58; Beemer v. Chicago, R. I. & P. R. Co., 181 Iowa 642;

Wagner v. Kloster, 188 Iowa 174; Willis v. Schertz, 188 Iowa 712; Brown v. McAdoo, 195 Iowa 286; Hutchinson v. Sioux City Service Co., 210 Iowa 9; Elling v. Blake-McFall Co., 85 Ore. 91 (166 Pac. 57); Parmenter v. McDougall, 172 Cal. 306 (156 Pac. 460); Lambert v. Eastern Massachusetts St. Ry. Co., 240 Mass. 495 (134 N. E. 340); Renner v. Tone, 116 Atl. 512 (Pa.); Johnson v. Omaha & C. B. St. Ry. Co., 194 Iowa 1230.

X. · Instruction No. 9 is· challenged. Counsel for the respective parties do not agree as to the proper construction to be placed upon this instruction. There may be doubt as to how the jury would have construed it. There is warrant for the contention that the effect of the instruction is to tell the jury that if it found that Frank Sanders exceeded the speed limit specified by the statutes at the time of the accident and that such excessive speed was the proximate cause thereof, the jury would be justified in finding him guilty of negligence. The instruction is fairly open to the construction that it tells the jury in effect that the violation of a speed ordinance or statute as a matter of law constitutes negligence.

We have reviewed the authorities on the question in the case of Kisling v. Thierman, 214 Iowa 911. This accident occurred in a city, and if the jury found that the appellant exceeded the speed limit as provided by statute or ordinance, such would be negligence as a matter of law. The appellant in such a case would have the right to excuse such negligence if excuse were available to him. The matter is fully discussed in the opinion in the Kisling case and need not be repeated herein. We do not think the court erred at this point.

Said instruction is also subject to the criticism that the court told the jury that it should take into consideration certain enumerated things and "any other condition then existing." The court did not limit this to conditions as shown by the evidence, nor to the allegations of negligence specified in the petition.

XI. In Instruction No. 13 the court, in enumerating the items for which appellee might recover, failed to limit the same to the claims of appellee's petition. The instruction is subject to the criticism expressed in regard to a somewhat similar instruction in Balik v. Flacker, 212 Iowa 1381.

XII. It is contended that the verdict is contrary to the evi-

dence and is excessive. In view of a reversal and a probable retrial we make no pronouncement on this question.

Other errors relied upon for reversal are not likely to occur upon a retrial or do not require attention at this time, and we make no pronouncement in regard thereto.

For the reasons pointed out, the judgment must be—Reversed.

All the justices concur.