HENRY WILLEMSEN, Administrator, Appellee, v. VIRGIL REEDY et al., Appellants.

No. 41588.

OCTOBER 25, 1932.

F. V. Morgan and Korf & Korf, for appellee.

Brammer, Brody, Charlton & Parker and M. R. Hammer, Jr., for appellants.

KINDIG, J.—This lawsuit grew out of an automobile accident which occurred at the intersection of arterial highway No. 32, in Jasper County, with County Highway A therein. The arterial highway extends in a general easterly and westerly direction, while the county highway runs north and south. These highways intersect near the town of Kellogg.

At the time in question, which was about 4:30 P. M. on November 30, 1930, Howard Willemsen and his brother, Joe, were riding southward in a Model T Ford coupé on the north and south county highway, approaching the intersection of the aforesaid primary road. Along the county road, and at a place immediately north of the primary road, was a stop sign duly and legally constructed and placed, as required by law. Upon the occasion in question, Howard Willemsen was driving the Ford coupé. As Howard and his brother Joe were thus approaching the primary highway, the defendant-appellant Hobart Norris was driving a Chevrolet coach in a westerly direction east of the aforesaid intersection. Riding with the appellant Norris at the time was Miss Alton, a teacher in the Newton schools. Both cars reached the intersection at the same time, and a collision occurred.

Severe and fatal injuries were received by Howard Willemsen, and he died the next day. In due time, Henry Willemsen was duly appointed administrator of the Howard Willemsen estate. Henry Willemsen, as such administrator, is the plaintiff-appellee in this case. An action was duly commenced by the appellee, as such ad-

ministrator, on September 2, 1931, to recover damages for the wrongful death of the said intestate against the appellant Hobart Norris, and the defendant-appellant Virgil Reedy, who owned the Chevrolet automobile. Consequently, it is seen that the appellee's action was brought against the appellant Hobart Norris because of his alleged negligence in causing the aforesaid collision, and the appellant Virgil Reedy was joined in the action because he owned the car driven by Norris and had consented to the latter's use thereof.

A defense interposed by the appellants was that the appellee's intestate contributed to the cause of his death because he did not stop his Ford coupé at the "stop sign" on the north and south county highway before entering the primary road. Evidence was introduced by the appellants in support of this contention. On the other hand, the appellee offered conflicting evidence. Thereby a jury question arose.

This issue was recognized by the district court. When that tribunal, however, submitted the issue to the jury it instructed that the failure of appellee's intestate to stop at the stop sign would be only "prima-facie evidence of his negligence." Thus it is seen that the trial court did not tell the jury that the failure of the appellee's intestate to stop at the aforesaid sign would constitute negligence. The appellants duly excepted to the foregoing instruction, and the giving of the instruction was made the basis of a motion for a new trial. Nevertheless the district court refused to grant the new trial. Upon such action of the district court, the appellants predicate error.

At the time the aforesaid collision occurred, the Code of 1927 was in operation. Sections 5079-b1, 5079-b2, 5079-b3, and 5079-b4 of that Code are important at this point. Those sections read as follows:

"5079-b1. Primary roads outside of cities and towns are hereby designated as arterial highways."

"5079-b2. The traffic on such arterial highways shall have the right of way over the traffic on any other highway intersecting therewith. At the intersection of two arterial highways the state highway commission shall determine which traffic shall have the right of way."

"5079-b3. At intersections of side roads with arterial highways the traffic on the side roads shall come to a stop before entering upon the arterial highway, or may proceed cautiously without

coming to a stop as the state highway commission may determine."

"5079-b4. The state highway commission shall furnish and erect suitable standard signs on side roads or streets directing traffic thereon which is approaching a primary road to stop or to proceed cautiously as the case may be. The cost of such signs shall be paid out of the primary road fund. Traffic on such side roads shall comply with such signs. Failure to do so shall render the driver of such vehicle subject to a fine of not more than twenty-five dollars or imprisonment in the county jail for not more than five days or both such fine and imprisonment."

By admission of the parties, all preliminary steps were taken to make the foregoing law applicable to the situation under consideration, so that it was incumbent upon appellee's intestate, while driving upon the north and south county road, to stop his vehicle at the stop sign before entering the aforesaid east and west primary or arterial highway. So, if the jury were to believe the witnesses produced by the appellants, it could find that the appellee's intestate did not make the stop at the place in question, as required by statute. In other words, the jury, if it were so inclined, could find, under the record, that the appellee's intestate violated the statutes above quoted in failing to make the stop. If the appellee's intestate did thus violate the statute, he was guilty of negligence, and not the commission of an act which amounted to the mere prima-facie evidence of negligence. Kisling v. Thierman, 214 Iowa 911; Albert v. Maher Brothers' Transfer Co., 215 Iowa 197; Wosoba v. Kenyon, 215 Iowa 226; Waldman v. Sanders Motor Co., 214 Iowa 1139; Holub v. Fitzgerald, 214 Iowa 857.

Consequently the district court was in error when it told the jury that such act on the part of appellee's intestate amounted merely to the prima-facie evidence of negligence. Obviously such error was prejudicial to the appellants.

Other matters are argued, but, in view of the new trial to be granted on the error above announced, we find it unnecessary to discuss them.

Wherefore, because of the said error, the judgment of the district court must be, and hereby is, reversed.—Reversed.

STEVENS, C. J., and EVANS, FAVILLE, and BLISS, JJ., concur.

ALBERT, J., takes no part.