JOHN WATSON, Appellee, v. DES MOINES RAILWAY COMPANY, Appellant.

No. 41980.

November 14, 1933.

Rehearing Denied March 16, 1934.

Corwin R. Bennett, for appellant.

Henry P. Daly and Putnam, Putnam, Langdon & Fillmore, for appellee.

Anderson, J.—Grand Avenue is one of the principal streets and main thoroughfares of the city of Des Moines, Iowa, running east and west. Fifty-ninth street intersects Grand Avenue, and at such intersection the accident upon which this action arises occurred on September 26, 1931, at about 12:30 P. M. The defendant-appellant, Des Moines Railway Company, operates a line of street railway, a part of which runs on Fifty-ninth street to its intersection with Grand Avenue, and turns west on a private right of way on the east side of and adjoining Grand Avenue, to Valley Junction, a town near Des Moines. At the time the accident here involved occurred, a car of the defendant was proceeding on Fifty-ninth street on its way to Valley Junction. It came to a stop on Fifty-ninth street before entering Grand Avenue and discharged a passenger. It then started on its course and came into collision with the plaintiff's automobile at the center or west of the center of Grand Avenue. The plaintiff-appellee was, just prior to the accident, proceeding west on Grand Avenue in a Ford coupé having a rumble seat. There were two other persons besides the plaintiff, who was driving, in the front seat, and two persons in the rumble seat. The testimony discloses that the plaintiff was driving somewhere between 20 and 35 miles an hour. His own testimony is that he was driving

around 25 miles an hour; and that he saw the street car when he was 300 feet from the intersection; that, when he was within about 100 feet of the tracks of the defendant company, he was driving about 25 miles an hour, and the street car was then barely moving, and it stopped soon after that before crossing Grand Avenue. The street car then started up and defendant. testified that he released his brakes about the time he got on the track; that he was about 5 feet from the track when the car started; that he swerved slightly to the left; and that he was going at that time about 15 miles an hour; that the street was dry, and that it was a clear day; that the street car proceeding on its way across Grand Avenue collided with his Ford coupé, pushing it partly across the street, and it turned over, injuring the plaintiff and damaging the coupé.

The plaintiff charges negligence on the part of the defendant in three divisions of his petition:

(1) The defendant was operating the said street car in question in a careless and negligent manner.

(2) The defendant was negligent in failing to look in both directions before attempting to cross Grand Avenue, and, had the defendant looked and exercised reasonable care, he could have seen the automobile of the plaintiff approaching, and could have, by the exercise of reasonable care, avoided the collision.

(3) The defendant was guilty of negligence in that it was not operating the street car at the time and place of the accident with due regard to the safety of others and in a careful and prudent manner.

And the plaintiff alleged that it was due to the said negligence of the defendant that the accident occurred, and that he himself was free from any negligence which contributed to the accident and resulting injury and damages.

The defendant answered denying that it was guilty of negligence and denying that the plaintiff was free from contributory negligence, and upon the issues thus joined the case was tried, resulting in a verdict for the plaintiff of $5,000, which was later reduced by remittitur to $2,100. The defendant appeals.

The defendant assigns ten errors upon which it bases its right to a reversal. It only argues three of them.

 The defendant's first contention is that the court erred in refusing to give an instruction requested by the defendant to the effect that the jury should not consider the failure of the defendant

to ring a bell or give other warning to the plaintiff, as a ground of negligence, for the reason that there was no allegation in the petition under which such evidence could be considered by the jury. It is true that a refusal to give an appropriate requested instruction may be prejudicial error where the trial court fails to otherwise give the substance of such instruction. Botkin v. Cassady, 106 Iowa 334, 76 N. W. 722; Langham v. C., R. I. & P. Co., 201 Iowa 899, 208 N. W. 356. But in this case there was no specific claim in plaintiff's petition based upon the defendant's failure to ring a bell or give other warning signal, and the testimony in reference thereto was introduced in the record without objection on the part of the defendant, and most of such testimony was of an affirmative character and introduced by the defendant. The court did not submit the question to the jury, and all that the defendant complains about in this regard is that the court failed, upon proper request, to instruct the jury not to consider the evidence as to the ringing of a bell or give other warning signal, in determining as to whether or not the defendant was negligent. It must be understood at this juncture that the case was submitted to the jury by the court upon the allegations of negligence as contained in plaintiff's petition. And that plaintiff's petition was not attacked in any way either by a motion for more specific statement, a motion to strike, or a motion to withdraw any of the allegations of the petition, and, as we have said, much of the testimony of the plaintiff as to the failure of the defendant to ring a bell was introduced by the plaintiff without any objections on the part of defendant. There was no error in refusing to give the requested instruction.

 Defendant-appellant's next contention is that the court erred in submitting to the jury the general allegation of negligence, and claims that a general allegation of negligence should not be submitted to a jury, especially where the defendant has made a specific request against its submission. We are unable to find in the record any objection on the part of the defendant to the submission to the jury of the general allegation of negligence contained in plaintiff's petition. The allegation in plaintiff's petition was:

"That the defendant was not operating said street car at the time and place with due regard for the safety of others and in a careful and prudent manner."

Under this allegation, which was not attacked by motion or

otherwise, any testimony was admissible which tended to show that the defendant was not operating its street car at the time and place of the accident in a careful and prudent manner. The defendant cannot allow the pleadings as to negligence to remain in part in a blanket or catch-all form, and then after trial complain that the court submitted the charges of negligence in the form in which they appear in the petition. Johnson v. Plymouth Gypsum Plaster Co., 174 Iowa 498, 156 N. W. 721; Pixler v. Clemens, 195 Iowa 529, 191 N. W. 375; Heiman v. Felder, 178 Iowa 740, 160 N. W. 234. As we have noticed, no motion was made to require the plaintiff to make his petition more specific, and no motion was made to withdraw from the jury any of the allegations of the petition as to negligence, and, under the holding in the cases last above cited, the defendant waived any objections to the submission of the general allegation of negligence as contained in plaintiff's petition. The defendant-appellant cites and relies upon Cooley v. Killingsworth, 209 Iowa 646, 228 N. W. 880. But this case furnishes no support for the appellant's contention. In the Cooley case a motion was made before the case was submitted to the jury to withdraw the general allegation of negligence for the reason that it did not plead a specific ground of negligence and was merely an allegation and conclusion of the pleader, and objections were also made to the submission of such general allegations to the jury. We held that the allegations were too general and indefinite, *"when attacked by motion, as was done in the instant case."* (Italics are ours.)

In the case of Pixler v. Clemens, 195 Iowa 529, 191 N. W. 375, specific acts of negligence were alleged and also a general allegation of negligence, not unlike the general allegation contained in the petition in the case at bar, and we held that the general allegations were not limited or controlled by the narrow or more specific charges. We said:

"The pleading was not attacked by motion or otherwise nor did the defendant at any time in any manner during the trial of the cause question the sufficiency of the allegations in relation to the evidence that was introduced proving or tending to prove that the automobile was on the wrong side of the street at the time and place of the accident. The theory of the case as tried below would compel the court in the instructions to submit to the jury the question now urged by appellant. Had plaintiff been apprised of the present

*objection* of appellee, it would have been a simple matter to amend. The trial proceeded with full acquiescence of the court and the parties litigant as to the sufficiency of plaintiff's petition and the competency of the evidence in support thereof. All legal intendments are liberally indulged in support of a pleading, and when parties recognize pleadings as authorizing certain evidence, this is deemed a practical construction by the parties, and they are bound on appeal by such construction."

And in the case McLeod v. Thompson, 138 Iowa 304, 115 N. W. 1105, we held that, when the trial proceeded on the theory that the pleading was sufficient, the parties having treated the pleadings as sufficiently specific, the court should accept such theory and hold the general allegations of negligence as sufficient; citing Fenner v. Crips, 109 Iowa 455, 80 N. W. 526; First Nat. Bank v. Wise, 172 Iowa 24, 151 N. W. 495; Hanen v. Lenander, 178 Iowa 569, 160 N. W. 18.

The defendant's last contention is that the court submitted to the jury a ground of negligence not pleaded in the petition, but this is but a further attack upon the submission of the general allegation of negligence, and appellant cites the cases of Davis v. Hansen, 187 Iowa 583, 172 N. W. 1; Ryan v. Trenkle, 199 Iowa 636, 200 N. W. 318; Waldman v. Sanders Motor Co., 214 Iowa 1139, 243 N. W. 555, as further supporting its contention. These cases furnish no support for the appellant's contention. In the Davis v. Hansen case the error was in instructing on an issue not pleaded nor raised by the evidence, and the case has no bearing upon the question now at issue. In the Ryan v. Trenkle case it was held that the submission of an issue wholly without support in the testimony was error, and that the jury should not be permitted to speculate upon any form or specification of negligence not specified in the petition. In Waldman v. Sanders Motor Co., we held an instruction bad which directed the jury to take in consideration certain enumerated things and "any other condition then existing," for the reason that the court did not limit this to conditions as shown by the evidence, nor to the allegations of negligence specified in the petition. None of these cases furnish any support for appellant's contention.

In the case at bar the court submitted to the jury only the specifications and allegations of negligence as contained in plaintiff's petition. It properly defined the rights and duties of the plaintiff

1200

and defendant in the use of the streets and intersection where the accident occurred and at the time of the accident. The instructions properly submitted the issues to the jury which, under the record, should have been submitted to it. A serious question in the case as presented by the record might have been the contributory negligence of the plaintiff, but this was in no manner raised by the defendant and is not before us for determination. We find no error in the record, and an affirmance necessarily follows.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, STEVENS, MITCHELL, and KINTZINGER, JJ., concur.