LESTER WEBBER, Appellant, v. E. K. LARIMER HARDWARE COMPANY, Appellee.

No. 46527.

JULY 28, 1944.

REHEARING DENIED SEPTEMBER 23, 1944.

John D. Randall, of Cedar Rapids, for appellant.

Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, for appellee.

GARFIELD, J.— █  The principal question is the sufficiency of the evidence to take to the jury the issue of defendant's negligence. We will view the evidence in the light most favorable to plaintiff.

Defendant operates a hardware store in Cedar Rapids. Plaintiff, a trucker for a near-by farmers' elevator, presented at defendant's store a written order from his employer for two sheets of galvanized steel, three by eight feet. Defendant's clerk sent plaintiff to its warehouse, in charge of Gable, the only employee there. Gable directed plaintiff into the warehouse with him to see if they could find sheets of that size. They finally found a pile containing some sheets of the desired size. The sheets were leaning against two upright two-by-fours nailed together. One of the eight-foot edges of each sheet rested on the floor. The top of each sheet was closer to the supporting uprights than the bottom. The pile contained some twenty to twenty-five sheets of different widths, "all mixed up all the way through." Most of the narrower widths were farther from the upright than the three-foot widths. It thus became necessary to remove from the pile two sheets of the desired width. Gable asked plaintiff to help him do this.

As directed by Gable, plaintiff stood about two feet south of the north end of the pile. Gable went to the south end of the pile and with an iron stick about two feet long pried or pulled several sheets against plaintiff's left leg. As directed,

plaintiff was attempting to hold the sheets in a vertical position with his leg and hands. Suddenly the pile fell on his left leg and broke it. Each sheet was one-sixteenth inch thick and weighed fifty-three pounds. The sheets that fell on plaintiff weighed one thousand pounds or more. Before his injury, plaintiff was without experience in handling sheet steel. He was not warned of any danger. Gable had been in charge of the warehouse some five years.

Plaintiff testified:

"He [Gable] got more than two or three sheets at a time, and I think I had around eight or ten sheets there, and all at once, why, the whole pile came over, and that is all I can tell. * * * I wasn't * * * pulling any sheets, no, I was holding the edge of the sheets attempting to steady them and keep them from falling over and it is my recollection that at the time the sheets became unbalanced and due to their weight I couldn't hold them. * * * Mr. Gable was doing the pulling, I wasn't. * * * I continued to hold the sheets in the perpendicular position. by having them against my leg until those other sheets whipped and the pile came down."

Plaintiff's petition is in two counts. The first is based on the theory of res ipsa loquitur. The second count contains ten charges of negligence. It seems not to be seriously contended that res ipsa loquitur is applicable here. We therefore disregard the first count. One of the charges in the second count is that defendant was negligent in allowing the galvanized sheets to fall and break plaintiff's leg. Defendant made no attack of any kind upon this allegation. See Gookin v. Baker & Son, 224 Iowa 967, 969, 970, 276 N. W. 418, and citations; Watson v. Des Moines Ry. Co., 217 Iowa 1194, 1197–1199, 251 N. W. 31, and citations; Pixler v. Clemens, 195 Iowa 529, 533, 191 N. W. 375. Defendant's answer is in effect a general denial. It contains no plea of assumption of risk.

I. We think the issue of defendant's negligence should have been submitted to the jury. There is little doubt that plaintiff was an invitee in defendant's warehouse. McMullen v. M. & M. Hotel Co., 227 Iowa 1061, 290 N. W. 3, and citations; Riggs v. Pan-American W. P. & P. Co., 225 Iowa 1051, 1055, 283 N. W.

250; annotation 33 A. L. R. 181, 229; 4 Shearman and Redfield on Negligence, Revised Ed., 1790, section 780; 38 Am. Jur. 791, section 131. Defendant was therefore bound to exercise toward plaintiff ordinary care not to expose him to unreasonable risk. LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 946, 11 N. W. 2d 36, 45, and citations; 38 Am. Jur. 754, section 96; annotation 100 A. L. R. 710, 711. The liability of an owner or occupant of premises to an invitee is predicated upon his superior knowledge of the danger to which the invitee is subjected and of which the latter is unaware. 38 Am. Jur. 757, section 97.

From the evidence received and that offered which should have been received (see Divisions III and V hereof), the jury could have found that: Plaintiff was injured as a result of Gable's act in prying the steel sheets against plaintiff's leg; plaintiff was doing merely what Gable had directed him to do; Gable knew or should have known the qualities of sheet steel of this kind and plaintiff did not, e. g., its flexibility and tendency to "whip" when moved in a vertical position; Gable knew or should have anticipated the danger of attempting to remove sheets in this manner from this pile and plaintiff did not; this method of piling and removing sheets was not usual, customary, or safe; the pile of sheets fell on plaintiff at least in part because Gable negligently pried more than two or three sheets at one time against plaintiff's leg.

The facts of each particular case of this kind are controlling upon the question of negligence. 38 Am. Jur. 763, section 102. However, the following tend to support our conclusion: Fishburn v. Burlington & N. W. Ry. Co., 127 Iowa 483, 103 N. W. 481; Faulkinbury v. Shaw, 183 Ark. 1019, 39 S. W. 2d 708; Belcher v. John M. Smyth Co., 243 Ill. App. 65; Daugherty v. Spuck Iron & F. Co., Mo. App., 175 S. W. 2d 45; Garfinkel v. B. Nugent & Bro. D. G. Co., Mo. App., 25 S. W. 2d 122; Higgins v. Ruppert, 124 App. Div. 530, 108 N. Y. Supp. 919; Champlin Hdw. Co. v. Clevinger, 158 Okla. 10, 12 P. 2d 683.

■ II. While the grounds most relied upon in support of defendant's motion to direct challenge the proof of its negligence, one ground of the motion is that "the evidence affirmatively shows contributory negligence on the part of the plaintiff." Defendant argues that if there was danger to plaintiff from

what was done, it was apparent to plaintiff. We think, however, here, as ordinarily, the question of contributory negligence was for the jury. As stated, the evidence is that plaintiff had had no previous experience in handling sheet steel. We are not justified in concluding that he necessarily knew or should have known any danger incident to this method of removing the sheets. He was not required to anticipate any negligence on the part of defendant. Tending to support our conclusion are Riggs v. Pan-American W. P. & P. Co., 225 Iowa 1051, 283 N. W. 250; Crawford v. Emerson Constr. Co., 222 Iowa 378, 385, 269 N. W. 334; Nelson v. F. W. Woolworth & Co., 211 Iowa 592, 231 N. W. 665; 38 Am. Jur. 1063, 1067, sections 356, 358.

III. Some other errors are assigned. Plaintiff offered to prove by Bruzek, for sixteen years proprietor of the Cedar Rapids Sheet Metal Company, who for thirty-five years had handled steel sheets of this kind, that the usual, customary, and safe method of piling such sheets in Cedar Rapids at that time was flat on the floor or in racks, according to size; that it was not safe to pile sheets of different widths with the tops resting against posts; it was not safe for one man to handle sheets of this kind; such sheets are flexible, slippery, inclined to slide, and are hard to handle; where they are handled from one end they are inclined to bend or whip at the other end and throw the weight of the entire pile against such other end.

Plaintiff testified that while he had had no experience with sheet steel before he was injured, later for over a year he had handled about three truckloads a day of the same kind of material. He offered to testify that at the time of trial he was familiar with the usual, customary, and safe method of piling steel sheets at the time he was injured in Cedar Rapids; that method was to pile the sheets flat on the floor or in shelves in separate piles according to dimensions; it takes two men to handle a sheet of steel three by eight feet.

All this offered testimony of Bruzek and plaintiff was excluded. The only objection to the offered testimony of plaintiff was that of incompetent, irrelevant, and immaterial, and that the piling of the sheets had no proximate relation to their falling. The objection did not challenge the competency or qualifications of the witness and the ruling was not placed on that ground.

We think the above-offered proof should have been received. It is well settled, subject to certain exceptions not applicable here, that while it is not a conclusive test, evidence of what is usual and customary is generally admissible on the question of negligence. LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 946, 11 N. W. 2d 36, 44, and citations; Johnson v. Plymouth Gypsum Plaster Co., 174 Iowa 498, 503, 156 N. W. 721; Donnelly v. Fort Dodge Portland Cement Corp., 168 Iowa 393, 399, 148 N. W. 982; annotation 137 A. L. R. 611; 1 Shearman and Redfield on Negligence, Revised Ed., 18, section 10; 2 Jones Commentaries on Evidence, Second Ed., 1275, 1276, section 685; 38 Am. Jur. 1015, section 317. That the offered proof, insofar as it sought to show what was safe, did not "invade the province of the jury," see Grismore v. Consolidated Products Co., 232 Iowa 328, 344, 5 N. W. 2d 646, 655, and citations; 28 Iowa L. Rev. 549, 552.

■ IV. Defendant seeks to justify the trial court's exclusion of much of the above-offered proof on the theory that there is no causal connection between the manner in which the sheets were piled and plaintiff's injury, which is said to have been caused by the attempt to remove the sheets from the pile. The argument is that Gable's attempt to remove the sheets from the pile was an intervening act which breaks the chain of causation between the method of piling the sheets and the injury. We think, however, it cannot be said as a matter of law there was no causal connection between the manner in which the sheets were piled and plaintiff's injury. The jury could have found from the evidence that the whole pile of sheets—not merely those resting against plaintiff's leg—fell on plaintiff.

Defendant was responsible for piling the sheets and also for their removal from the pile. The doctrine of independent intervening cause primarily refers to some act or agency for which a defendant is not responsible. Johnson v. Plymouth Gypsum Plaster Co., 174 Iowa 498, 504, 505, 156 N. W. 721; Restatement of the Law, Torts, section 440. If these sheets were piled negligently and Gable was also negligent in removing them, then clearly Gable's act does not relieve defendant from liability for the negligent piling. Donnelly v. Fort Dodge Portland Cement Corp., 168 Iowa 393, 402, 148 N. W. 982.

"Clearly, one cannot be relieved of liability for one negligent act by interposing another, also committed by himself." 38 Am. Jur. 721, 722, section 67.

Even an intervening agency for which a defendant is not responsible does not necessarily relieve him from liability for his negligent act. Restatement of the Law, Torts, section 441(2). If the original wrong concurs with the intervening cause and both act proximately in producing the injury, both as a rule are proximate causes. Judd v. Rudolph, 207 Iowa 113, 119, 222 N. W. 416, 62 A. L. R. 1174; Johnson v. Plymouth Gypsum Plaster Co., 174 Iowa 498, 156 N. W. 721; Moriarty v. Schwarzschild & Sulzberger Co., 132 Mo. App. 650, 112 S. W. 1034; 38 Am. Jur. 715, 716, section 63.

■ Further, where a subsequent act is relied upon as an independent intervening cause, it will not have that effect if it or a similar act might reasonably have been foreseen. Blessing v. Welding, 226 Iowa 1178, 1183, 286 N. W. 436; Gray v. City of Des Moines, 221 Iowa 596, 599, 265 N. W. 612, 104 A. L. R. 1228; Godbey v. Grinnell E. & H. Co., 190 Iowa 1068, 1078, 181 N. W. 498; Fishburn v. Burlington & N. W. Ry. Co., 127 Iowa 483, 490, 103 N. W. 481, 484; annotation 100 A. L. R. 710, 718; 1 Shearman and Redfield on Negligence, Revised Ed., 101, section 38; 38 Am. Jur. 726, 727, 729, 730, sections 70, 72. These sheets were not placed in the pile merely for storage. They were placed there to be sold and removed from the pile from time to time, one or more to a customer. The act of Gable in removing the sheets was one which the jury could find was reasonably to be anticipated and therefore did not relieve defendant of its negligence, if there was such, in piling the sheets in the manner employed.

■ V. Plaintiff was asked on direct examination, "While you were back there, immediately after the pile had fallen off on your leg, what if anything more did Mr. Gable say with reference to the pile?" Over defendant's objection as hearsay the witness was permitted to answer, "He said there was fifteen hundred pounds of steel fell on there. I was pretty lucky I had six-buckle overshoes on." On cross-examination plaintiff said that he, not Gable, made the statement about his being

lucky, and that it was made after he had been carried into the office of the warehouse. On defendant's motion that it was no part of the res gestae there was then stricken the entire answer of the witness above quoted. On redirect, plaintiff testified that he had two talks with Gable, one immediately after the sheets had fallen on him, and the other in the office, with reference to his being lucky.

Plaintiff could have suffered but little if any prejudice from striking the second sentence of the above-quoted answer, as later explained, and we need not consider that part of the ruling. While the trial court had considerable discretion in determining the admissibility of res gestae declarations, it was a clear abuse of discretion to strike the statement said to have been made by Gable immediately after the pile had fallen on plaintiff. Page v. City of Osceola, 232 Iowa 1126, 5 N. W. 2d 593; Aldine Trust Co. v. National Ben. Acc. Assn., 222 Iowa 20, 268 N. W. 507; Rothrock v. City of Cedar Rapids, 128 Iowa 252, 103 N. W. 475. The stricken statement is more clearly proper as res gestae than is the testimony we held was erroneously excluded in each of the cited cases.

█ VI. Plaintiff complains of the court's refusal to permit him to amend his petition on the second day of the trial. The petition alleges that plaintiff's injuries are permanent, he suffered pain which will continue in the future, and loss of time and permanent impairment to his earning capacity. However, the petition goes on to itemize the damage at $162 for loss of time, $229.10 for medical and hospital expense, and $4,680.90 for pain and suffering, past and future. The prayer is for $5,000. In itemizing his damage, plaintiff did not include any amount for permanent injury or future loss of time, although the petition alleges damage in both respects. Apparently because of this state of the petition, the court excluded testimony that plaintiff's knee was still partly stiff as a result of the injury and this condition would probably be permanent. Plaintiff then asked leave to amend his petition by including in the item of $4,680.90 not only pain and suffering but also permanent injury and future loss of time. Plaintiff did not seek to increase the amount of his prayer. The court refused to permit the amendment.

The court might well have permitted plaintiff to amend. We have repeatedly held that to allow an amendment, especially one like this, is the rule and to deny it is the exception. Green v. Phoenix Ins. Co., 218 Iowa 1131, 1135, 253 N. W. 36; Newman v. Covenant Mut. Ins. Assn., 76 Iowa 56, 59, 40 N. W. 87, 88, 1 L. R. A. 659, 14 Am. St. Rep. 196. But, of course, the trial court had a broad discretion in the matter of permitting an amendment during the trial. We are reluctant to hold there was an abuse of discretion here and think we are justified in declining to pass on this assignment of error for the reason that upon the remand of this case (it being a law action), the lower court will have the same discretion to permit plaintiff to amend his petition as if the case had not been tried. We have so held in a long line of decisions. Flood v. City Nat. Bk., 220 Iowa 935, 937, 263 N. W. 321, and cases cited [certiorari denied 298 U. S. 666, 56 S. Ct. 749, 80 L. Ed. 1390]; Green v. Phoenix Ins. Co., 218 Iowa 1131, 253 N. W. 36; Buttman v. Christy, 197 Iowa 661, 198 N. W. 314, and cases cited; Newman v. Covenant Mut. Ins. Assn., 76 Iowa 56, 40 N. W. 87, 1 L. R. A. 659, 14 Am. St. Rep. 196. This is the rule generally. 3 Am. Jur. 737, section 1241; 5 C. J. S. 1522, section 1969d. The presumption is that after the remand the lower court's discretion in granting or withholding leave-to amend will not be abused.

Our decisions on the right to amend in a law action that has been remanded for new trial have arisen under section 11182, Code, 1939, which provides that the court may permit amendments *at any time*, in furtherance of justice. Rule 88, Rules of Civil Procedure, effective July 4, 1943, does not seem to affect materially the then existing practice regarding amendments after remand in a law action. It provides, "The court, in furtherance of justice, may allow later amendments * * *."

Plaintiff's remaining complaint has to do with the exclusion of evidence which would have been proper if plaintiff had been permitted to amend his petition in the foregoing respect and likewise need not be considered.—Reversed and remanded.

MANTZ, C. J., and BLISS, OLIVER, HALE, and MULRONEY, JJ., concur.