E. G. NEWLAND, Administrator, Appellee, v. G. MCCLELLAND & SON et al., Appellants.

No. 41921.

569

SEPTEMBER 26, 1933.

REHEARING DENIED JANUARY 30, 1934.

Bryson & Bryson, for plaintiff.

Comfort & Comfort and James P. Irish, and E. H. Lundy, for defendants.

CLAUSSEN, J.—This action was brought to recover damages for the wrongful death of plaintiff's intestate, as a result of the collision of two automobiles in Iowa Falls, Iowa. The decedent was a passenger in one of the cars. The action was commenced against the owners and drivers of both cars. Motions for separate trials were

570

made by the defendants and sustained by the court. As a result of this, the action was tried against the driver and owners of the car which collided with the car in which decedent was riding. It is this trial that is involved in the present appeal. The car in which the decedent was riding was owned by Richard Hale. At the time of the accident, it was being driven by Roger Hale. The other car was owned by the defendant partnership G. McClelland & Son, consisting of the defendants, G. McClelland and F. E. McClelland. This car was being driven at the time of the accident by F. E. McClelland, who was then accompanied in the car by G. McClelland.

The collision occurred at the intersection of an east and west highway with one running north and south. The car in which decedent was riding was being driven south, while the car in which the McClellands were riding was being driven west.

 I. Appellants complain because the trial court permitted an amendment to the petition, filed two days before the trial commenced, to stand, without continuing the case, and also because the court compelled the defendants to go on with the trial of the case, notwithstanding the fact that misunderstandings and other circumstances prevented Des Moines attorneys representing defendants from being in court until after the jury had been selected. In view of the fact that other considerations require a reversal of the judgment of the trial court, such matters require no attention, further than the remark that such matters rest in the discretion of the court and will not warrant a reversal, unless discretion has been abused. The case had been specially assigned at the preceding term for trial as the second jury trial of the next term of court. It was tried in that order. Plaintiff was not responsible for any of the misunderstandings or circumstances delaying the arrival of Des Moines counsel. There is nothing in the record, other than an adverse verdict, to suggest prejudice to defendant from being required to proceed with the trial. The amendment to the petition did not change the issues so as to require defendant to produce new or different evidence. The case would not be reversed because of the action of the trial court on the matters under consideration.

 II. At the close of plaintiff's case, defendants moved for a directed verdict. At this time there was no evidence that the car driven by the defendant F. E. McClelland was the property of the partnership. The motion was overruled, and defendant put in its evidence. The defendant G. McClelland was called as a witness for

the defendants. After some cross-examination, this witness was made plaintiff's witness, and he then testified that the car belonged to the defendant partnership, which consisted of the witness and F. E. McClelland. At the close of all the evidence, the motion for a directed verdict was renewed by the defendants and was overruled. Appellants now complain because the motion made at the close of plaintiff's evidence was overruled because there was then no evidence of the ownership of the car by the partnership. Assuming that the motion made at the close of plaintiff's evidence should have been sustained because of the want of such evidence, the judgment of the trial court cannot be reversed, for at the time the second motion was overruled such evidence was in the record. The defendants objected to the examination of the defendant G. McClelland concerning the ownership of the car. Such objections were properly overruled. The trial court has a large discretion in matters of this kind. Meadows v. Hawkeye Ins. Co., 67 Iowa 57, 24 N. W. 591; Wiley v. Fleck, 189 Iowa 614, 178 N. W. 410. The testimony of the witness was in the record concerning the ownership of the car by the partnership when the second motion was made. In consequence of this, the plaintiff's case was not then vulnerable to attack on the ground that the record did not disclose the ownership of the car, and in this situation the judgment cannot now be reversed for error in ruling on the first motion. Cushman v. Carbondale Fuel Co., 116 Iowa 618, 88 N. W. 817.

█ III. In the answer the defendants involved in this trial pleaded that the decedent met his death as a result of negligence of someone other than said defendants. By amendment, three paragraphs were added to the answer. In the first of such paragraphs, it is alleged that decedent came to his death, not as a result of negligence on the part of the answering defendants, but because of negligence on the part of Roger Hale, and contributory negligence on the part of decedent. The second paragraph pleads that the occupants of the Hale car were engaged in a joint enterprise. In the third paragraph it is alleged that Roger Hale drove the car at a dangerous and reckless speed in excess of 25 miles per hour in a residential district. It is further alleged in this paragraph that the reckless and careless operation of the Hale car and negligence on the part of decedent were responsible for the death of decedent. In the answer as amended are three allegations to the effect that the death of decedent was due to the negligence of a third party:

1. That it was due to the negligence of some one other than the answering defendants.

2. That it was due to the negligence of Roger Hale.

3. That it was due to the fact that the Hale car was driven at a rate of speed in excess of 25 miles per hour in a residential district.

In stating the issues, the court told the jury in substance that the defendants claimed that the accident was due to the negligence of Roger Hale and the fact that Roger Hale was driving his car at a dangerous and reckless speed and in excess of a lawful rate of speed. In a preliminary restatement of this issue, the court said that defendants claimed that the accident was due to the negligence of Roger Hale in driving at a reckless and dangerous rate of speed in excess of 25 miles per hour in a residential district, and then told the jury that a speed in a residential district in excess of 25 miles per hour was unlawful and was therefore prima facie negligence; that, if the proximate cause of the accident was the act of Roger Hale in driving at a dangerous or unlawful rate of speed, and not negligence on the part of defendants, plaintiff could not recover.

The error complained of in these matters is that the court confined the jury in passing on the question whether the accident was due to Hale's negligence to a consideration of speed only, whereas, under the pleadings and the law, any negligence on the part of Hale was a proper consideration. In argument, it is suggested that the statement of the court that a violation of the speed law by Hale was prima facie negligence is erroneous and this is undoubtedly true. But the matter must be disposed of on the error assigned.

Appellee suggests that the instructions were proper because there was no evidence of any negligence on the part of Hale other than the matter of speed. The instructions cannot be sustained on this view of the situation, for there was evidence from which the jury could find that Hale was derelict in other respects than speed. The occupants of the McClelland car testified that the Hale car was within their view while it traveled a distance of several hundred feet. Of course, the McClelland car would be visible to the driver of the Hale car, while the intervening distance was being traveled. There was evidence from which it could be found that the Hale car was not under control as it approached the intersection. The instructions cannot be sustained on the theory that the issues requiring submission were narrowed by the record.

Appellants contend that the general allegation that the accident was due to the negligence of the driver of the Hale car required the court to instruct upon the duties of said driver as he approached the intersection in relation to which there was evidence of dereliction. The real question is whether the general allegation of negligence contained in the answer and in the first paragraph of the amendment to the answer is limited by the allegation in the third paragraph of the amendment to the effect that Roger Hale was driving the car at a greater speed than 25 miles per hour in a residential district. Generally, a general allegation of negligence will be limited by specific allegations of negligence which follow it. Ramsey v. Cedar Rapids & Marion City Ry. Co., 135 Iowa 329, 112 N. W. 798. This rule is not universal in its application. It is apparent to us that the allegations of the third paragraph of the amendment to the answer were inserted through an overabundance of caution, and in the belief that it was necessary to plead that the collision occurred in a residential district in order to have it appear that a speed in excess of 25 miles was unlawful, rather than as a specification of negligence embraced in the general allegation. In this situation the general allegation of negligence is not limited by the particular allegations. 45 C. J. 1884, section 653; Texas & P. Ry. Co. v. Thompson (Tex. Civ. App.), 286 S. W. 536.

It is of course true that the court required the jury to find that defendants' negligence was the proximate cause of the injury before returning a verdict for plaintiff, and under this instruction the jury could not find for the plaintiff if the collision was due to either a lawful or a negligent act or omission of Roger Hale. However, the court entered upon the subject of the effect of negligence on the part of Roger Hale, and it then became the court's duty to cover the subject. The pleadings and the facts disclosed by the record suggest that other duties rested upon Roger Hale as he drove toward the intersection than to drive at a speed not greater than 25 miles per hour, the violation of which alone might have resulted in the accident. In this situation the court should have instructed the jury in relation to such duties.

IV. The defendants requested an instruction to the effect that is was the duty of the driver of the Hale car to use due care as he approached the intersection, notwithstanding the fact that he was approaching from defendants' right, and that, if failure to exercise such care was the proximate cause of the collision, plaintiff could

not recover in this action. The court refused to give the instruction, and we think such refusal was proper. It was undoubtedly the duty of Roger Hale to use due care as he approached the intersection. Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; Roe v. Kurtz, 203 Iowa 906, 210 N. W. 550. The trouble with the instruction lies in its incompleteness. Each driver could be guilty of proximate negligence. If the driver of the McClelland car was guilty of proximate negligence, the defendants would be answerable, even though the driver of the Hale car was likewise guilty of proximate negligence. The accident might be due to the negligence of both drivers, and neither can escape because the negligence of the other was a proximate cause of the accident. Appellants can only escape if the driver of their car was guilty of no proximate negligence. Duncan v. Rhomberg, 212 Iowa 389, 236 N. W. 638.

■ V. Appellants asked the court to instruct the jury in substance that, while it was the duty of the driver of the car approaching an intersection to yield the right of way to a car approaching from the right, such duty was performed by yielding one-half of the street or highway in favor of the vehicle approaching from the right. The court refused the instruction. It is obvious that the right of way cannot be yielded to a car except at the place where the paths of the cars intersect each other. There is no occasion to yield the right of way at any other place. Code, section 5035, provides that, where two vehicles are approaching on any street so that their paths will intersect, and there is danger of collision, the vehicle approaching from the right shall have the right of way. The right of way must be yielded where the paths of the cars intersect each other.

As a part of the same instruction, appellant asked the court to instruct the jury that, if the McClelland car stopped on or before reaching the center of the intersecting street, and the cars came together at a point on the center or east of the center of the intersecting street, the defendants could not be charged with negligence, if there was sufficient space west of the center of the street for the Hale car to pass by. The thought is, of course, that it was the duty of the driver of the Hale car to drive it west of the center of the street, and that, if the McClelland car was stopped on or east of the center of the street, there would be no occasion for a collision. We need not examine the law applicable to the supposed situation further than to say that the statute imposes a duty to yield the right of way to the car approaching from the right, under the circum-

stances stated in the law, and this duty is not performed by stopping the car in the path of the one approaching from the right. In considering this question, it is to be remembered that the duty to yield the right of way is imposed where the paths of the cars intersect and when there is danger of collision. Whether under all the facts and circumstances the driver of the McClelland car was justified in proceeding upon the intersection as he did is a matter that is not involved in the question under discussion. Shuck v. Keefe, 205 Iowa 365, 218 N. W. 31. Both phases of the requested instruction were erroneous, in that they relieve the driver of the McClelland car from a duty imposed on him by law. Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; Appleby v. Cass, 211 Iowa 1145, 234 N. W. 477; Seager v. Foster, 185 Iowa 32, 169 N. W. 681, 8 A. L. R. 690.

VI. Appellants also complain because the court refused to give an instruction requested by them defining the duty as to care resting on Roger Hale as he approached the intersection. We have intimated in a preceding division that an instruction on this matter should have been given. There was no error in the refusal of the court to give the requested instruction because it is vulnerable to the same criticism as the instruction under consideration in the fourth division of this opinion.

VII. Appellants contend that a motion for a directed verdict should have been sustained on account of the failure of plaintiff to show freedom from contributory negligence on the part of the decedent. As frequently happens, the contention would be unanswerable if the defendants are assumed to be free from negligence. The record presents a situation in which it could be found that the circumstances producing the collision came into existence and produced their result in but a few seconds. What the decedent did and what he could have done for his own safety in this fleeting moment were clearly questions for the jury under the record in this case.

The court instructed the jury that it might find the decedent free from contributory negligence if it found by a preponderance of the evidence that the decedent acted as a person of ordinary prudence would under like circumstances. Appellants requested instructions advising the jury that the decedent was bound to exercise ordinary care and caution for his own safety, that it was the decedent's duty to make reasonable use of his faculties as he ap-

proached the intersection to discover whether it might be used in safety, and that the decedent was not relieved of such care for his own safety by reliance which he might place on the care of the driver of the car. Neither of the requested instructions can be approved in the form in which they were written. The first requested instruction of this series contains a reference to diverting circumstances. There was no evidence in the record of any diverting circumstances. The second requested instruction is argumentative in form. The fourth requested instruction contains a statement that the decedent was charged with the same knowledge of the approach to the crossing and of the danger that might there appear as was the driver of the car in which the decedent was riding. This of course is not true. The third requested instruction is more nearly proper than any other, and, with but slight modification in phraseology to eliminate a possible inference on the part of the jury that the court was suggesting that the decedent had surrendered himself, in the situation disclosed by the record, entirely into the care of the driver, the instruction might well have been given. Hutchinson v. Sioux City Service Co., 210 Iowa 9, 230 N. W. 387; Willis v. Schertz, 188 Iowa 712, 175 N. W. 321. The instruction given by the court is a correct statement of the law as far as it goes. Neither of the requested instructions was properly phrased. In the event of a retrial of the case, it would be well to more fully instruct upon the duties of the decedent in regard to his own safety.

VIII. Appellants insist that the physical facts were such that the court should have instructed the jury to return a verdict for appellants. Without setting forth the evidence contained in the record, it is sufficient to say that, upon the question of the failure of the driver of appellants' car to yield the right of way to the Hale car, a sufficient conflict exists to prevent the application of this rule.

IX. Appellants also contend that the verdict is excessive. In view of the conclusion we have reached that the case must be reversed, it is not necessary to notice this contention.

For error pointed out in the third division of this opinion, the judgment of the trial court must be reversed.—Reversed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.