HAROLD DENNIS, Appellee, v. J. W. MERRILL, Appellant.

No. 42576.

1260

November 20, 1934.

Lee, Steinberg & Walsh, for appellant.

Shaw & Yoder, and Welty, Soper & Welty, for appellee.

Donegan, J.—On January 31, 1933, a few minutes before 6 o'clock in the evening, J. W. Merrill, while driving westward on paved highway No. 2 about half a mile west of the city of Sigourney, drove his automobile into the rear end of a hayrack which was proceeding along the said highway in the same direction. The hayrack was on a·wagon which was being drawn by a team of horses, and, as a result of the collision, the tongue and front running gear of the wagon became detached and the team ran away to the westward on the highway carrying the tongue and running gear along with it. Approximately 600 feet from the point where Merrill's automobile struck the hayrack, and while the team was still on the paved highway, an automobile driven by Harold Reece, in which Harold Dennis was riding, collided with one of the horses and Dennis was injured. An action for damages was commenced by Dennis against Merrill, claiming that the accident and injuries to Dennis were caused by Merrill's negligence. Merrill answered,

denying such negligence, and, as a separate and distinct defense, alleged that the acts complained of were in no sense the proximate cause of the injuries sustained by Dennis, but that the direct, independent, and proximate cause of such injuries was the negligence of Reece, the driver of the car in which plaintiff was riding. Upon the trial of the case, the defendant, at the close of plaintiff's evidence, presented a motion for a directed verdict, which was overruled. This motion was renewed at the close of all the evidence and was again overruled. From a verdict and judgment in favor of the plaintiff, the defendant appeals.

I. It is the first contention of the appellant that the trial court erred in submitting the cause to the jury, because the evidence failed to show that the alleged negligence of the defendant was the proximate cause of the injuries complained of. The question of appellant's negligence is not raised in this appeal, but it is contended that, conceding the negligence of the appellant, the evidence shows that the driver of the car in which appellee was riding was negligent and that this negligence, and not appellant's negligence, was the proximate cause of the collision with the team and the injuries sustained by appellee. Many cases are cited by appellant, and the greater portion of his argument is devoted to this proposition. It must be admitted that the courts have not always agreed in their definition of proximate cause, and that the application of the rule of proximate cause to the facts of particular cases has frequently resulted in confusion. Appellant argues that, where the negligence of one person does no more than furnish a condition under which the separate and independent negligence of another person results in injury to a third person, the real proximate cause of such injury is the negligence of the second person and not the negligence of the first person; and he contends that in the instant case the appellant's negligence did no more than furnish a condition under which the driver of the car in which appellee was riding committed separate and independent acts of negligence which caused the collision with the team and are the sole proximate cause of appellee's injuries. If the condition brought about by appellant's negligence did no more than to make the collision possible, the rule for which he contends might apply. But, if the negligence complained of not only brings about a condition under which injuries may result, but is such that the injuries are the natural result of the negligence, it would be the proximate cause even

though other independent negligence intervened. We think the test as to what constitutes a proximate cause is fairly stated in Burk v. Creamery Pkg. Co., 126 Iowa 730, loc. cit. 734, 102 N. W. 793, 795, 106 Am. St. Rep. 377, wherein we said:

"While there are some loose expressions in the books to the effect that one is not liable for negligence unless the results of his acts might reasonably have been foreseen by him, the true doctrine, as we understand it, is that it is not necessary to a defendant's liability that the consequences of his negligence should have been foreseen. It is sufficient if the injuries are the natural, though not the necessary or inevitable, result of the wrong; such injuries as are likely, under ordinary circumstances, to ensue from the act or omission in question. The test, after all, is, would ordinary prudence have suggested to the person sought to be charged with negligence that his act or omission would probably result in injury to some one? The particular result need not be such as that it should have been foreseen."

We do not think it can be said, as a matter of law, that a team of horses with the tongue and running gear of a wagon attached to them, which is loose and uncontrolled on a paved public highway, might not reasonably be anticipated to come into collision with automobiles upon such highway. As said in the citation above quoted:

"It is not necessary to a defendant's liability that the consequences of his negligence should have been foreseen. It is sufficient if the injuries are the natural, though not the necessary or inevitable, result of the wrong; such injuries as are likely, under ordinary circumstances, to ensue from the act or omission in question."

Could it be said that, if a team hitched to the tongue and front running gear of a wagon was left untied and unattended upon a public highway and wandered upon the traveled portion thereof and caused a collision, the negligence in leaving such team untied and unattended would not be a proximate cause of the collision? Would the fact that such team, with the same portion of the wagon, is detached from the wagon, through the negligent act of a person who drives an automobile into the wagon, negative the possibility of such automobile driver's negligence being a proximate cause of an accident which later results from the collision of an automobile

traveling on the road with such team? We think not. In our opinion, it cannot be said, as a matter of law, that a person running into a wagon to which a team is attached, and causing said team to run away with a portion of the wagon, could not reasonably foresee or anticipate that a collision might occur between such team and automobiles traveling on the highway.

■ II. It is also contended by appellant that the trial court erred in refusing to give appellant's requested instructions 6, 7, 8, and 9. In the trial court's instructions, the jury was told that the plaintiff could not recover unless he showed by the evidence that the negligence of the appellant was the proximate cause of the injury and damages to appellee; that, if the negligent acts charged against the appellant were in no sense the proximate cause of the injuries in question, but, on the contrary, the proximate and independent cause thereof was the negligence of the driver of the car in which plaintiff was riding, the appellant was not liable; but that the mere fact that the driver of the car in which appellee was riding was negligent would not absolve the appellant from responsibility, for the law holds him liable for the natural and probable consequences of his negligent acts, if any, even though other persons or other causes may have added to or concurred in his negligence to produce the injuries in question.

Appellant's requested instruction No. 6 asked the court to tell the jury that, even though defendant was negligent, his negligence would not be a proximate cause of plaintiff's injuries if the plaintiff's injuries were caused by the negligence of the driver of the car in which plaintiff was riding, and that, in such case, it should return a verdict for the defendant. This instruction ignored the fact that the appellant and the driver of appellee's car might both be guilty of negligence which would be proximate causes of appellee's injuries, and would require the jury to render a verdict for the defendant if the driver of the car in which plaintiff was riding was negligent, regardless of the negligence of the appellant. We think the law was properly stated in the instructions of the court above referred to, and that there was no error in refusing to give instruction No. 6 requested by appellant.

■ Appellant's requested instructions 7, 8, and 9, had they been given, would have instructed the jury in reference to the negligence of the driver of the car in which appellee was riding, in failing to keep a lookout, in failing to drive in such a manner as to

be able to stop within the assured clear distance ahead, and in the speed at which he was driving under the condition of the highway and the traffic thereon. The court refused to give the instruction requested and gave no further instructions in reference to the matters contained in the requested instructions. Appellee contends there was no error in refusing the requested instructions for the reason that the court had already told the jury that it could not find for the plaintiff, unless it found that appellant's negligence was the proximate cause of the injuries, and because any negligence on the part of the driver of the car in which appellee was riding would not have relieved the appellant of liability if his negligence was the proximate cause of the injuries to appellee. In Newland v. G. McClelland & Son, 217 Iowa 568, loc. cit. 573, 250 N. W. 229, 231, we had before us a case in which the plaintiff, who was a passenger in an automobile, sued both the driver of the automobile in which he was riding and the driver of another automobile for negligence in causing a collision which resulted in injuries to him. Complaint was made because of the failure of the trial court to instruct the jury in reference to the negligence of the driver of the automobile in which plaintiff was riding. In discussing this proposition we said:

"It is of course true that the court required the jury to find that defendants' negligence was the proximate cause of the injury before returning a verdict for plaintiff, and under this instruction the jury could not find for the plaintiff if the collision was due to either a lawful or a negligent act or omission of Roger Hale. However, the court entered upon the subject of the effect of negligence on the part of Roger Hale, and it then became the court's duty to cover the subject. The pleadings and the facts disclosed by the record suggest that other duties rested upon Roger Hale as he drove toward the intersection than to drive at a speed not greater than 25 miles per hour, the violation of which alone might have resulted in the accident. In this situation the court should have instructed the jury in relation to such duties."

We think there was evidence under which the jury might have found that the driver of the car in which appellee was riding was negligent in failing to keep a lookout and in driving in such a manner that he was not able to stop within the assured clear distance ahead, and, under the holding of this court in the Newland case, we are unable to avoid the conclusion that, in refusing to give the

instructions requested by the appellant, or other instructions covering the matters therein referred to, the trial court was in error.

III. Complaint is also made of the statement contained in the court's instruction No. 9 defining "proximate cause", in which it is said: "It must appear that had it not been for such act of negligence on defendant's part the accident would not have occurred." The statement thus complained of is only part of the instruction given. When taken in connection with the whole instruction and other instructions of the court, the jury was properly told the meaning of the term "proximate cause", and we find no error in this instruction.

Because of the error in refusing to give the instructions referred to in division II of this opinion, the judgment of the trial court is reversed.—Reversed.

MITCHELL, C. J., and EVANS, STEVENS, and KINDIG, JJ., concur.