W. A. McCLURE, Appellant, v. HERMAN RICHARD et al., Appellees.

No. 44374.

NOVEMBER 22, 1938.

G. C. Stuart & A. V. Hass, for appellant.

Hallagan, Fountain, Stewart & Cless, and T. W. Miles, for appellees.

DONEGAN, J.—On January 6, 1937, the plaintiff, W. A. McClure, was riding from Des Moines to Chariton, Iowa, on paved highway No. 69, in a closed delivery type of truck owned and driven by his son-in-law, W. L. Ruddell. The doors of the truck were in the rear end and opened outward from the center, and the truck was loaded with merchandise. When they left Des Moines about 6:30 p. m. the weather was dark and misty, and as they proceeded on their way the mist began to freeze on the windshield and to form a coat of ice on the paved road. When Ruddell had reached a point some distance north of Indianola he stopped to remove the ice from the windshield. Before coming to a stop he had pulled his truck either completely or partially off the pavement onto the west or right shoulder of the road. The place where the truck was stopped was about a quarter of a mile south of the summit of a downward slope in the road, and the headlights and taillight on the truck were lighted. While the truck was standing in this position a Chevrolet sedan owned by the defendant, Forest Richard, and driven by the defendant, Herman Richard, its sole occupant, came down the slope from the north and struck the left rear end of the truck. The impact of this collision swung the rear end of the truck toward the east and when the Richard car came to a stop it was standing on the west half of the pavement, facing south or slightly southeast, with the left front portion perhaps slightly to the east of the center line of the pavement, and was approximately east of the rear end of the truck, and the truck was facing approximately west or slightly northwest and, with the exception of a part of the rear end which extended out over the west edge of the pavement, was standing on the west shoulder of the road. At the time of the collision, the plaintiff, McClure, was seated in the cab of the truck on the right side of the seat and was not injured. After the collision the defendant, Herman Richard, got out of the Chevrolet sedan and, after a few words had been exchanged between him and Ruddell, he suggested that they had better get straightened out there because somebody else might come along any minute and tear into them. Richard then got into his car and moved it from the pavement to the west shoulder of the road south of the truck.

When the Richard sedan struck the Ruddell truck and swung the rear end to the eastward, the doors at the rear were jarred or forced open, a few sacks of potatoes fell out onto the

pavement, and some of the merchandise in the truck appears to have been forced toward the rear end. After the conversation between Richard and Ruddell, in which Richard had suggested that they get straightened out there before some other car might come along and hit them, it appears that Ruddell gave Richard some assistance in parking his car on the west shoulder of the road south of the truck and then returned to his truck. About the time Ruddell returned to the truck the plaintiff, McClure, got out of the right side of the cab, went along the north side of the truck to the rear thereof, and he and Ruddell became occupied in trying to get the sacks of potatoes, which had fallen out onto the pavement, back into the truck. Before replacing the potatoes in the truck, they were standing at the rear thereof and endeavored to push the other merchandise toward the front of the truck, in order to make room for the potatoes, and, while they were thus engaged, the plaintiff looked to the north and saw another car approaching them at a distance of perhaps 200 feet. About this same time someone shouted that a car was coming and plaintiff hurriedly left the rear end of the truck and had reached a point on the south side thereof when the approaching car struck the rear end of the truck and threw it around southward and against the plaintiff, causing the personal injuries for which damages are sought in this action.

The car which struck the truck, as just described, was owned and driven by Minor Stansell of Osceola, Iowa, and action was originally brought by plaintiff in the district court of Clarke county, the county of Stansell's residence, and Herman Richard, Forest Richard, and Minor Stansell were all named as defendants. The defendants, Herman Richard and Forest Richard, filed a motion to strike the name of the defendant, Minor Stansell, on the ground that the negligence asserted against the defendants, Herman Richard and Forest Richard, and the defendant, Stansell, was not concurrent, and that the joinder of said causes of action was improper. Plaintiff confessed this motion, and thereupon the district court of Clarke county ordered the name of Minor Stansell and the cause of action against him stricken from the petition, and ordered that the cause of action against the defendants, Herman Richard and Forest Richard, be transferred to Wayne county, the county of their residence. Thereafter the plaintiff filed a separate petition at law against the defendants, Herman Richard and Forest Richard, in the

district court of Wayne county, and the defendants filed a general denial, together with an affirmative plea that the sole proximate cause of the collision and resulting damage to plaintiff was the negligence of Minor Stansell. Upon the trial of the case, at the close of the plaintiff's evidence, the defendants filed a motion for a directed verdict, which was overruled. This motion was renewed at the close of all the evidence, and was then sustained. Pursuant to the court's order, a verdict was rendered in favor of the defendants and judgment entered thereon. From this judgment, and adverse rulings of the trial court, the plaintiff appeals.

One of the grounds of the defendants' motion for a directed verdict was:

"That the plaintiff has failed to sustain and discharge the burden of proving that any act of negligence charged against these defendants as alleged in the petition was the proximate cause of the injuries and damages for which the plaintiff here seeks recovery."

This ground of the motion was sustained by the trial court, and the only error upon which appellant relies for reversal is that which he alleges the court committed in sustaining this ground of the motion.

In determining the question with which we are here confronted, it is not necessary to discuss the negligence of the defendant, Herman Richard, in running into the truck in which plaintiff was riding. It will be assumed that Herman Richard was negligent, but this does not determine the real question here involved, which is—was such negligence of Herman Richard a proximate cause of the injuries for which plaintiff sues? Under the facts of this case, it cannot be questioned that the act of Minor Stansell in running into the Richard truck and throwing it around and against the plaintiff was the immediate cause of plaintiff's injuries, and that it was also a proximate cause of such injuries. The question which we must decide is—did the negligence of the defendant, Herman Richard, concur with the negligence of Stansell, in causing the injuries of which the plaintiff complains, in such a manner that it also was a proximate cause of such injuries? Many attempts have been made by the courts of different jurisdictions to define the term "proximate cause", and volumes have been written in trying to apply

these various definitions to the multitudinous and varying facts of innumerable cases, but the conclusions reached are far from being uniform or satisfactory.

In 45 C. J., beginning at page 897, and extending to page 901, the text sets out many definitions which have been given of proximate cause and, in the notes referred to in the text, cases are cited from every jurisdiction in this country, and from some foreign jurisdictions, supporting some of the various definitions thus given. Following all these definitions, however, it is said:

"But these definitions and tests are inadequate to afford a definite and invariable rule whereby a line can be drawn between those causes which the law regards as sufficiently proximate and those which are too remote to be the foundation of an action; and the applicability of an announced definition must be determined by the peculiar facts and circumstances of the particular case, the question ordinarily being one of fact for the jury."

On page 898 of this same volume it is also said:

"A comprehensive definition, and one which is, perhaps, most often stated, is that proximate cause is any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred."

Quite analogous to the above definition in the essential elements stated, and, perhaps, as complete and satisfactory a definition as any that can be found, is that of Judge Cooley in his work on Torts, which Mr. Justice Deemer cites and follows in Parmenter v. City of Marion, 113 Iowa 297, 85 N. W. 90, wherein it is said [page 302 of 113 Iowa, page 92 of 85 N. W.]:

"But if we assume that the city was negligent in allowing the platform to remain in the manner shown, it by no means follows that it is liable to the plaintiff. It must also appear that this negligence contributed proximately to produce the injury. The general rule as to concurring causes has already been stated, and it appears therefrom that to hold defendant responsible it must appear that his negligence was one of the direct and proximate causes of the injury. Judge Cooley, in his work on Torts, states the rule of proximate cause very clearly, and we embody

his statement found on pages 76 and 77 as the doctrine of this opinion. He says: 'If an injury has resulted in consequence of a certain act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was the more remote.' Cooley, Torts (2d ed.) p. 73. 'If the original wrong only becomes injurious in consequence of the intervention of some distinct and wrongful act or omission by another, the injury shall be imputed to the last wrong, as the proximate cause, and not to that which was more remote.' Where there is an intervening cause between defendant's negligence and plaintiff's injury, the rule relieving defendant from responsibility seems to be that this intervening cause must be either a superseding or a responsible one. It is a superseding cause, whether intelligent or not, if it so entirely supersedes the operation of defendant's negligence that it alone, without his negligence contributing in the slightest degree, produces the injury. It is a responsible one if it is the culpable act of a human being who is legally responsible for such act. The defendant's negligence is not deemed the proximate cause of the injury when the connection is thus actually broken by a responsible cause. Shearman & Redfield Negligence (1st ed.) section 32. In applying this rule, or exception, it may be, to concurring cause, it is very generally held that, even if there be negligence in some degree on the part of the defendant, still it cannot ordinarily be said to be the proximate cause of an injury, when the negligence of another human agency has intervened and directly inflicted the injury.''

The appellant cites several cases from foreign jurisdictions as well as from our own. In many of these cases the facts are entirely different from the facts in the instant case, and in many others we think the courts have failed to properly apply essential elements of the definitions found in 45 C. J. 898, and in Cooley's work on torts, which are set out above. We think the facts of the instant case are such that, when considered in the light of the rules stated in the definitions to which we have just referred, they preclude the negligence of the defendant, Herman Richard, in driving into the truck in which plaintiff was riding, from being the proximate cause of the injuries which plaintiff later sustained. It may be conceded that the defendant, Richard, was

guilty of negligence in running into the rear of the truck in which plaintiff was riding, that he would have been liable for any damages caused to the truck by such negligence, and that, if plaintiff had been injured, as the result of that collision, he would be entitled to recover. Plaintiff, however, is not claiming damages for any injuries received in that collision. After both Richard's car and the truck had come to rest following that collision, Richard got out of his car and, after exchanging a few words with Ruddell, the owner of the truck, suggested that they get their cars out of the way before somebody came along the road and ran into them. Pursuant to this suggestion, Richard got back into his automobile and, with the assistance of a shove given it by Ruddell, proceeded to drive it onto the west shoulder of the road some distance south of the truck. After thus assisting Richard in getting his car off the pavement, Ruddell proceeded back toward the truck, and it was not until he had either reached or was near the truck that the plaintiff got out of the right door of the cab and proceeded along the north side of the truck to the rear thereof. No movement of the truck, which was started by the collision of the Richard car with it, caused the injury of which appellant complains. All the force and all the effect of that collision 'had been expended; the truck was standing almost entirely on the shoulder of the road with the rear end projecting slightly over the west edge of the pavement; Ruddell and plaintiff were engaged at the rear of the truck in trying to push the merchandise toward the front thereof; and, according to the evidence, from three to five minutes had elapsed before the Stansell car came down the road and struck the truck and caused the movement thereof which resulted in the injuries to plaintiff.

We do not think the injuries sustained by the appellant can be said to be the result of Richard's act in colliding with the truck, and followed that act in natural and continuous sequence, unbroken by any efficient intervening cause, as is required under the definition of proximate cause set out in 45 C. J. 897, and quoted above. As stated by Judge Cooley in his work on torts, and quoted by Justice Deemer in Parmenter v. City of Marion, supra:

" 'If an injury has resulted in consequence of a certain act or omission, but only through or by means of some intervening

956

cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was the more remote.' ''

There can be no question that the appellant's injuries followed as a direct and immediate consequence of the collision of Stansell's car with the Ruddell truck, and there can be no question that, so far as such injuries resulted from the negligence of the defendant, Richard, in the first collision with the truck, it was only through or by means of the intervention of the Stansell collision. We think the facts of this case bring it clearly within the rule set out in both Corpus Juris and Cooley on Torts, which make the last cause the proximate one and refuse to trace the injury to the cause which is more remote.

In our opinion, there was no error in the order of the trial court sustaining the appellees' motion for a directed verdict, on the ground from which appeal is here made, and the judgment appealed from is hereby affirmed.—Affirmed.

SAGER, C. J., and KINTZINGER, STIGER, and MILLER, JJ., concur.