ALICE REYSACK, Appellee, v. PATRICK H. JOYCE et al., Trustees, Appellants.

No. 45866.

MAY 5, 1942.

REHEARING DENIED OCTOBER 2, 1942.

Carr, Cox, Evans & Riley and Hubert C. Jones, all of Des Moines, and Shepard & Shepard, of Allison, for appellants.

Uhlenhopp & Uhlenhopp, of Hampton, for appellee.

MILLER, J.—Plaintiff's petition asserts that on the afternoon of December 27, 1939, she was riding in the front seat of an automobile owned and operated by her husband, proceeding south on county trunk road B through the town of Hansell, Iowa. Defendants operate a railroad line east and west through Hansell. While crossing said railroad tracks the car in which plaintiff was riding was struck by a freight train. Plaintiff was injured. She asserts that the collision resulted from negligent operation of the train, to wit, excessive speed, without timely warning. Defense was a general denial. The jury returned a verdict for plaintiff for $1,000. Motion for new trial was overruled and defendants appeal.

For the purpose of this appeal, the defendants in effect concede that there was sufficient evidence to sustain a finding by the jury that defendants were negligent in the operation of the train and that plaintiff was free from contributory negligence. They challenge the sufficiency of the evidence to sustain the verdict on the sole issue of proximate cause. They contend that the negligence of the train crew was not a proximate cause of the collision and assert that the trial court should have determined, as a matter of law, that the sole proximate cause of the collision was the conduct of plaintiff's husband. They contend that, with full knowledge of its approach in ample time to have avoided injury, her husband drove in front of the train.

Defendants rely upon the case of Wright v. Chicago, R. I. & P. R. Co., 222 Iowa 583, 588, 589, 268 N. W. 915, 917, wherein we state:

"Tysver heard the long blast of the whistle and the bell when he was at the center of the bridge and in time to stop his car and avoid the accident. He saw the train in time to have stopped the car and avoid the accident. One who has full knowledge of the presence of a train in ample time to have avoided the injury may not predicate proximate cause on the absence of signals. Having seen the train in time to have stopped the automobile, the negli-

gence, if any, of the defendant in failing to give the statutory signals was not a proximate cause of the accident. Frush v. Waterloo C. F. & N. R. Co., 185 Iowa 156, 169 N. W. 360.''

It is important to consider that, by defendant's concession that plaintiff was free from contributory negligence, it is conceded that the negligence, if any, of her husband cannot be imputed to her. If her husband and defendants' crew were both negligent and the negligence of both concurred in producing her injury, the negligence of defendants was a proximate cause of the injury which will warrant recovery herein. This is demonstrated by the language in the Wright case, supra, following that above quoted, wherein, in reversing a judgment entered following the sustaining of a motion for directed verdict for defendant, we state:

''We now turn to plaintiff's allegation that the defendant was negligent in operating the train at a speed of fifty miles an hour. The defendant concedes that, under the facts and circumstances of the case this specification of negligence was for the jury.

''The defendant claims that the negligence of Tysver was the sole proximate cause of the death of Shattuck irrespective of negligence on the part of defendant.

''The jury might have found that defendant was negligent in operating its train at fifty miles an hour. If it did so find there would be two concurrent acts of negligence cooperating at the time of the collision to produce the result. * * *

''Assuming that the jury would have found that the defendant was negligent in operating its train at fifty miles an hour, under the record we hold that the negligence of Tysver was not an intervening, sole proximate cause of the accident, superseding the negligence of the defendant. Dedina v. Chicago, M. St. P. & P. R. Co., 220 Iowa 1336, 264 N. W. 566. For a general discussion of the question of proximate cause and concurrent negligence, see Parmenter v. City of Marion, 113 Iowa 297, 85 N. W. 90.

''This specification of negligence should have been submitted to the jury.''

Defendants' first assignment of error challenges the court's ruling on their motion for directed verdict, wherein they questioned the sufficiency of the evidence on the issue of proximate cause. Pursuant to the observations heretofore made, we find no merit in the contention.

As plaintiff's husband proceeded south across defendants' right of way, it was necessary to cross three sets of tracks. The view to the west was obstructed by a grain elevator and other buildings. Her husband testified:

"The elevator is three or four feet north of the first track, which is a switch track. The switch track is about 30 feet from the middle track and 50 feet from the third or main line track. As we came onto the first track I throwed a swift look to the east and then turned around and looked west. When we got on the switch track my wife said: 'There is a train.' I saw the train at that time and it was about 150 feet west of the intersection and approaching at a speed of between 40 and 50 miles per hour. My car was going between ten and fifteen miles per hour. At that time I thought the middle track was the mainline track. I didn't know that the south track was the mainline track and I thought the train was coming on the middle track so I figured that if I stopped it would hit me square so I tried to get across. I don't know now what I heard then but there was quite a lot of noise going on. I got across the middle track, the track which I thought the train was coming on but I didn't quite make it over the south one. The train caught us right in the back end of the car just as we were passing over the south track. * * * I looked to the west as soon as I could see anything from that direction. At that time I was about at the corner of the elevator and was 59 feet from the mainline track. When I was behind the elevator I was going about ten miles per hour and I saw the train approaching and it was 150 or 200 feet west of the crossing. When I saw the train I thought it was on the middle track and if I stopped there the train would hit me right square. It is only about 30 feet from the spur track to the middle track and I tried to get across. If the train had been where I thought it was I would have gotten across in safety. * * * When I first saw the train that day, and it made a lot of noises, it sure

did shock me. I don't know all I did; I believe I was just praying to get across; I knew I would get hit. When my wife said, 'There is a train!', I was scared pretty bad. It took no time for the train to go that distance until it hit us; it was right there just as quick as—I had no time to think. * * * My car was in good mechanical condition and the brakes were in good order. I could stop the car in just a short distance, pretty near turn it over, when I put the brakes on.''

We are unable to agree with defendants' contention that the sole proximate cause of the collision was the conduct of plaintiff's husband. There was evidence from which the jury might find that proper warning was not given of the approach of the train; that its sudden appearance in such close proximity, traveling at an excessive speed, caused plaintiff's husband to become confused and panicky; he thought the train was on the middle track; had that assumption been correct, an attempt to stop his car might have been disastrous, and proceeding as he did would have avoided injury; had he realized that the train was on the farthest track, he could have stopped before reaching it. In the case of Parmenter v. City of Marion, 113 Iowa 297, 303, 85 N. W. 90, 92, in defining an intervening cause, we state:

''It is a superseding cause, whether intelligent or not, if it so entirely supersedes the operation of defendant's negligence that it alone, without his negligence contributing in the slightest degree, produces the injury.''

Without considering whether or not a jury question was presented as to plaintiff's husband being negligent, we are satisfied that the record is insufficient to establish that his error in judgment can be so divorced from the negligence of defendants that it can be held to be, as a matter of law, the sole proximate cause of the collision. The issue of proximate cause herein was for the jury to determine.

Defendants' second assignment of error challenges the court's instructions 8 and 9, dealing with the issue of proximate cause. The complaint is that there was no such issue to present to the jury. We have determined otherwise. The fourth assignment of error makes similar complaint in reference to the re-

fusal to give requested instructions 1 and 4. Such contentions are without merit for the same reason.

The only other assignment of error challenges instruction 14, dealing with the question of emergency, wherein the court stated:

"Where one is confronted with a sudden peril or emergency not of his own making, it is not necessarily negligence on his part if he takes the more dangerous of the two or more means to avoid an injury and each party must be charged as to his conduct in view of the emergency, but the one who negligently creates the emergency cannot hold the other responsible for conduct produced thereby."

The exceptions to said instruction were stated thus:

"The Court erred in giving to the jury Instruction No. 14, for the reason that the record fails to show that the driver of the car or the plaintiff were confronted with any sudden peril or emergency not of their own making. The plaintiff neither pleaded nor proved sudden peril or emergency, it was not an issue in the case and any instruction thereon was prejudicial to the defendants."

The theory of sudden peril is injected into the case as relating to the issue of proximate cause. Defendants contend there was an intervening proximate cause that rendered their negligence immaterial. Their answer was merely a general denial. We are of the opinion that the jury could have found that plaintiff was faced with sudden peril not of her own making, due to absence of warning and excessive speed of the approaching train, and that the conduct of her husband was a part of that peril. The jury had a right to consider that phase of the case in determining the issue of proximate cause. We find no merit in the exceptions to instruction 14.

The judgment is—Affirmed.

BLISS, C. J., and SAGER, GARFIELD, WENNERSTRUM, OLIVER, HALE, and STIGER, JJ., concur.