MAE LOCKWOOD, appellant, v. ALBERT M. WILTGEN et al., appellees.

No. 49884.

(Reported in 101 N.W.2d 724)

MARCH 8, 1960.

McDonald, Sayre & McDonald, of Cherokee, for appellant.

Van Oosterhout, TePaske & Rens, of Orange City, for appellees.

OLIVER, J.—Plaintiff, Mae Lockwood, was injured when an automobile owned and operated by her husband, R. F. Lockwood, and in which she was a passenger, collided with the rear of a wagon which Orin C. Franke, its owner, was pulling with a tractor. Defendants are Albert M. Wiltgen and Harry Henry Bonnema, the owner and the operator respectively of a dump truck which the Lockwood automobile passed immediately before the collision. The accident happened about noon on March 12, 1958. All three vehicles were traveling east on paved Highway 10, a two-lane highway.

The petition alleged the collision was caused by defendants' negligence in permitting gravel, rock and aggregate, which their truck was hauling, to fall upon the Lockwood car as it started to pass the truck, shattering the windshield of the car, obstructing the vision of the occupants and diverting the attention of the driver, so that upon completing such passing and returning to the right-hand side of the highway his car collided with the rear of the Franke wagon.

Most of the allegations of the petition concerning the circumstances leading up to the collision were denied by the answer, which alleged also, the sole and proximate cause of such collision was the negligence of Mr. Lockwood in driving at a rate of speed which was excessive and which violated the assured-clear-distance rule, and in failing to have his car under control. When plaintiff rested defendants moved for a directed verdict upon

various grounds, most of which were not specific. The court sustained this motion generally, there was a final order or judgment against plaintiff and she has appealed.

I. Appellant complains the order sustaining the motion for directed verdict did not comply with R. C. P. 118 which provides: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally." Our trial courts are familiar with this rule but do not always observe it. Compliance with it will not be prejudicial to any party because, upon appeal, he may always present any additional grounds in defense of any ruling, or order, which grounds were presented to but not sustained by the trial court. Noncompliance with it frequently places upon an appellant and the supreme court the unnecessary burden of presenting and considering propositions not determined by the trial court or actually relied upon by appellees. However, such noncompliance has not been held reversible error and is not here so held.

II. In determining the sufficiency of the evidence to entitle plaintiff to have the case submitted to the jury the rule requires that it be considered in the light most favorable to plaintiff. At the time of the accident plaintiff was ill with multiple sclerosis, degeneration of the spinal cord and anemia and her husband had taken her away for treatment and was returning her to their home. She testified she was riding in the front seat of her husband's automobile, behind defendants' truck which was loaded with gravel or rock, and some of the load came off the top of the truck and landed on the front of the car, on the windshield. It hit the windshield. "It just looked like a big hunk and felt like a big bunch of rock or something came right down onto the front of the car; and I guess I passed out, that's all I can remember."

On cross-examination she testified: "Q. You didn't see where it came from? A. Well, it was so close, I don't know; we was there close to it. I don't know where it came from exactly. I figured it was off that truck. Q. You figured it was off the truck, but you didn't see it actually fall? A. I couldn't see only just when something was coming hurtling down there **at you."**

Mr. Lockwood testified defendants' truck was hauling an uncovered and heaped up load of rock the size of a small hen's egg and smaller, that his automobile which had been following the truck started to pass it on its left side and as his automobile came alongside the truck some of the rock came off from somewhere and about a small pailful landed on the front portion of his car, striking principally on the windshield which it shattered on the right side, in front of plaintiff. It put some spots on the left side of the windshield—"Well, my wife screamed and I, naturally, looked to see what happened to her. * * * Well, I was trying to find what had scared her so and see, also, if it had came through the windshield and struck her. * * * I was kind of attracted to her and I stayed away from the truck until I could get by it and then I swung over in my right lane." Mr. Lockwood testified the shattered windshield on the right side and the spots on the left side obstructed his view to a certain extent, and "* * * the things were going on in the car so bad after this crash that I possibly wasn't looking up that side of the road until I got over in the [right] driveway. There was too much confusion in the car."

He looked straight down the highway "after I got straightened up in front of the truck." He then first saw the farm wagon pulled by a tractor 150 to 200 feet ahead of his car and tried to stop his car but was unable to do so completely. It crashed into the rear of the wagon, injuring plaintiff.

Mr. Lockwood estimated the speed of his automobile as it was passing the truck at 65 miles per hour and the speed of the truck at 50 to 60 miles per hour. The estimated speed of the wagon was ten miles per hour. The skid marks made by the Lockwood car as it approached the wagon were approximately 80 feet long.

III. Section 321.460, Code of Iowa, 1958, provides in part: "Spilling loads on highways. No vehicle shall be driven or moved on any highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping therefrom, * * *."

Appellees do not assert the violation of this statute would not constitute negligence. Upon this phase of the case they contend merely that there was no substantial evidence the

rock, etc., which struck the windshield of the car fell from their truck and that the evidence for plaintiff "would only permit the jury to speculate as to the source of the gravel."

The record indicates no vehicle other than defendants' truck was in the vicinity when the rocks came "hurtling down" upon the front of the car. Plaintiff testified some of the load came off the top of the truck and again that she "figured it was off the truck." Her husband testified that, as his car came alongside the truck, some of the rock came off from somewhere and about a small pailful landed on the front portion of the car. Reference to other evidence is unnecessary. It is clear the evidence the rocks fell from the truck was sufficient to require submission to the jury of the issue of defendants' negligence.

IV. Appellant argues the negligence of the operator of an automobile is not imputed to a passenger who has no right of control over the car, and the circumstance that the operator is the spouse of the passenger does not alter this rule. This is the settled rule and appellees do not question it. Newman v. Hotz, 226 Iowa 834, 838, 285 N.W. 287; Snook v. Long, 241 Iowa 665, 668, 42 N.W.2d 76, 21 A. L. R.2d 1; Johnson v. Overland Transp. Co., 227 Iowa 487, 498, 288 N.W. 601; Case Note in 9 Drake Law Review 49 et seq., and authorities cited in footnote.

V. Another proposition argued by appellant and not disputed by appellees is the sufficiency of the proof of appellant's freedom from contributory negligence to take that issue to the jury. The record shows she was sitting in the front seat of the car on the right side, and to the right of the driver, apparently looking ahead, that she saw and felt the rocks fall on the windshield of the car, screamed and lost consciousness until she was taken from the car after it collided with the wagon. It is clear the evidence was sufficient to support a finding she was not guilty of contributory negligence as a matter of law. Albert v. Maher Brothers Transfer Co., 215 Iowa 197, 202, 203, 243 N.W. 561; Newman v. Hotz, supra, 226 Iowa 834, 285 N.W. 287; Schwind v. Gibson, 220 Iowa 377, 386 et seq., 260 N.W. 853.

VI. Appellees contend the order directing the verdict for defendants was correct, for the reason the evidence did not

show that their negligence, if any, was the proximate cause of the collision. We hold this contention is not well founded. Authorities agree there may be more than one proximate cause of an accident and injury. 65 C. J. S., Negligence, section 110; 60 C. J. S., Motor Vehicles, section 254; 5A Am. Jur., Automobiles and Highway Traffic, section 238.

Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386, 391, states: "That each person whose negligence concurs or combines to cause injury to another is liable therefor is so well settled citation of authority is hardly necessary." The decision cites various authorities among which are Restatement, Torts, section 439, and Comment b; Newman v. Hotz, 226 Iowa 834, 839, 285 N.W. 287; Johnson v. McVicker, 216 Iowa 654, 657, 247 N.W. 488; and Judd v. Rudolph, 207 Iowa 113, 119, 222 N.W. 416, 62 A. L. R. 1174, 1180.

In Dennis v. Merrill, 218 Iowa 1259, 1262, 257 N.W. 322, 324, defendant's automobile struck the rear end of a hayrack drawn by a team of horses which thereupon ran away, carrying the tongue and front running gear which had become detached from the wagon, traveled about 600 feet and collided with an automobile in which plaintiff was riding, injuring him. Defendant contended the evidence failed to show defendant's alleged negligence was the proximate cause of the injuries, arguing he had merely furnished a condition under which the separate and independent negligence of the driver of the other car caused the collision.

In holding there was question for the jury the court quoted: "* * * the true doctrine, as we understand it, is that it is not necessary to a defendant's liability that the consequences of his negligence should have been foreseen. It is sufficient if the injuries are the natural, though not the necessary or inevitable, result of the wrong; such injuries as are likely, under ordinary circumstances, to ensue from the act or omission in question. The test, after all, is, would ordinary prudence have suggested to the person sought to be charged with negligence that his act or omission would probably result in injury to someone? The particular result need not be such as that it should have been foreseen."

Frederick v. Goff, 251 Iowa 290, 298, 100 N.W.2d 624, 629,

quotes with approval: " 'Nor will the fact that some other cause operates with the defendant's negligence to produce the injury relieve the defendant if the injurious result is traceable in *some material degree* to his want of due care [citations].' (Emphasis added.) Swaim v. Chicago, R. I. & P. Ry. Co., supra, 187 Iowa 466, 471, 174 N.W. 384, 386 (certiorari denied 252 U. S. 577, 40 S. Ct. 344, 64 L. Ed. 725)."

In Knaus Truck Lines, Inc., v. Commercial Freight Lines, 238 Iowa 1356, 1366, 29 N.W.2d 204, 209, defendant's two trucks illegally obstructed the highway at the bottom of an icy hill. A third truck descending the hill was unable to stop and after colliding with defendant's trucks careened into plaintiff's parked truck. The court held the action of the third truck was not an independent intervening cause which insulated defendant from liability, stating:

"It is well settled that where a third party's subsequent act, whether negligent or not, is relied upon as an independent intervening cause it will not have that effect if it or a similar act might reasonably have been foreseen. Webber v. Larimer Hdwe. Co., 234 Iowa 1381, 1387, 15 N.W.2d 286, 289, and authorities cited. * * * That this issue, if it was such, was for the jury, not for the court, see Blessing v. Welding, 226 Iowa 1178, 1182–1185, 286 N.W. 436, and authorities cited; Johnson v. Overland Transp. Co., 227 Iowa 487, 498, 288 N.W. 601."

Lindquist v. Des Moines Union Ry. Co., 239 Iowa 356, 371, 30 N.W.2d 120, 127, was an action for damages for injuries to a passenger in an automobile which ran into the side of a standing train blocking a public crossing at night. The decision states:

"While it is true that the act of Wyant in driving his car into the standing car was an intervening cause, yet this does not as a matter of law make it the sole proximate cause such as to relieve appellee [Ry. Co.]. * * * If the original wrong concurs with the intervening cause and both act proximately in producing the injury, both, as a rule, are proximate causes."

Chicago & N. W. Ry. Co. v. Chicago, R. I. & P. R. Co. (D. C. N. D. Iowa, December 7, 1959), 179 F. Supp. 33, 55, Graven, J., considers and discusses various pertinent decisions of this court and states:

"The whole trend of the recent decisions of the Iowa Supreme Court is to the effect that, save in exceptional cases, the question of causal connection between the negligence of a person and the injury of which it is claimed to be a proximate cause is one to be determined by the jury and not one to be dealt with as a question of law by the Court. That Court has in its recent decisions tended to emphasize that questions as to proximate cause, independent intervening negligence, and concurrent negligence are peculiarly questions for the trier of facts."

See also Christensen v. Sheldon, 245 Iowa 674, 682, 63 N.W.2d 892, 48 A. L. R.2d 522; Godbey v. Grinnell Elec. & Heating Co., 190 Iowa 1068, 181 N.W. 498; Schwind v. Gibson, 220 Iowa 377, 385, 260 N.W. 853; Reysack v. Joyce, 232 Iowa 415, 419, 420, 3 N.W.2d 535; Snook v. Long, 241 Iowa 665, 42 N.W.2d 76, 21 A. L. R.2d 1; Annotation in 58 A. L. R.2d 270 et seq.; Article by Professor Updegraff, 27 Iowa Law Review 2.

In the case at bar the automobile struck the wagon only a few seconds after the rocks fell upon the automobile. The evidence was sufficient to support a finding by the jury that these two incidents were so connected that the first was a proximate cause of the second.

We hold the court erred in directing a verdict for defendants.

VII. Appellant complains that the trial court sustained a motion to strike two photographs which appellant had placed in evidence. As we interpret the record the court did not rule upon this motion. However, we will say it does not appear the trial court abused its discretion in admitting these photographs in evidence. See Law v. Hemmingsen, 249 Iowa 820, 833, 834, 89 N.W.2d 386.—Reversed.

LARSON, C. J., and BLISS, GARFIELD, THOMPSON, PETERSON, and THORNTON, JJ., concur.

GARRETT and HAYS, JJ., dissent.

GARRETT, J. (dissenting)—I am unable to agree with the majority opinion in its entirety and therefore respectfully dissent.

Mr. Lockwood, husband of plaintiff and driver of the car in which she was riding, had driven automobiles for forty years without an accident, was in normal health and his Mercury car was, so far as the record shows, in good mechanical condition. The crushed rock which hit his car did not cause his vision to be obstructed. Some of the rock, in evidence as an exhibit, was examined by us. It fell far short of being the size of a small hen's egg. Merely sliding off the truck in the small amount involved here, it did not go through the windshield or cause appreciable damage to the car, other than some slight damage to the right side of the windshield.

The question is whether the rock or aggregate striking the passing car was a proximate cause of plaintiff's damage. There would be no problem here if the Mercury had traveled only a few car lengths after it was struck by the gravel and before it collided with the Franke wagon, but that was not the case.

Lockwood's negligence would not be imputed to his wife. That he was negligent cannot be questioned. It cannot be denied that he was driving at an excessive speed, greater than permitted him to bring his car to a stop within the assured-clear-distance ahead, failing to have his car under control, passing another vehicle when approaching the crest of a hill, and passing on a yellow line. If he had not been negligent in said respects there would have been none of the injuries complained of. His negligent and unlawful acts were the proximate cause of plaintiff's damages. Not much time expired but it was sufficient to permit Lockwood to get his car under control.

There may be, of course, more than one proximate cause and the question here is whether or not the rock striking the Mercury's windshield was also a proximate cause of the injuries. "* * * there must be a causal connection between the negligence charged and the resulting injury. By 'proximate cause' is meant the moving or producing cause. Negligence is the proximate cause of an injury which follows such negligent act, if it can be fairly said that in the absence of such negligence the injury or damage complained of would not have occurred." Buchanan v. Hurd Creamery Co., 215 Iowa 415, 424, 246 N.W. 41, 46.

Assuming for the sake of argument that the truck driver was negligent in permitting rock and aggregate to fall off of his

truck, can it be fairly said that but for such negligence the injuries would not have occurred? Plaintiff cannot recover upon a case which does not show more than a possibility that the injury is chargeable to the defendant's negligence. There is some evidence that plaintiff was startled by the crushed rock striking the windshield but the rock did not go through the glass, she was not hurt and there is no evidence she did anything to cause her husband to lose control of his car. Her husband would not say she fainted or suffered any injury at that time. Lockwood had 500 to 600 feet—a block and a half—to bring his car under control. He offered no sufficient explanation for his failure to do so. Without adequate time or opportunity to avoid the collision it might fairly be said defendant's negligence, if any, had a causal connection with the damage sustained, but where Lockwood drove his car at high speed for one and a half blocks after the gravel or rock episode before running into the wagon-tractor, it must be said any negligence of the truck driver was too remote to amount to a proximate cause. There is no evidence in the record that says or infers defendants created a situation requiring Lockwood to keep his foot on the throttle, driving his car at a high speed, or his hands on the steering wheel guiding his car into the loaded wagon. Such conduct on the part of Lockwood could not have been foreseen or anticipated. If plaintiff had any evidence which would tend to explain, excuse or justify driving the Mercury that great distance after a small quantity of rock hit the windshield without breaking it, and then running into another vehicle traveling the same direction, she should have brought it forth. If there was for a moment confusion due to the rock, Lockwood could have slowed down, fallen back, taken the shoulder, kept the left side of the pavement or stopped and thus avoided the collision.

How can it be said that anything defendants did caused him to drive such a great distance at a high rate of speed and into a collision at such distance from the original incident.

In this case, if it could be said defendants set in motion a force which might, in a short distance, cause damage, that force had to expire and did expire within a few feet. Thereafter the operation of the Mercury was in the hands of the competent

driver and whatever he did was no longer controlled or dominated or influenced by any negligence of the defendants.

"Where a number of factors are operating, one may so predominate in bringing about the harm as to make the effect produced by others so negligible that they cannot be considered substantial factors." 65 C. J. S., Negligence, section 107b, page 661.

"Many authorities have held or declared that only injuries which are the natural and probable consequences of negligence, unbroken by any intervening independent agency, can be said to have been proximately caused thereby, and that a person is not responsible for injuries which do not flow naturally from his negligence, or for merely possible consequences of his negligence, since consequences which are merely possible cannot be regarded as either probable or natural." 65 C. J. S., Negligence, section 108, page 662.

See also Dennis v. Merrill, 218 Iowa 1259, 257 N.W. 322.

" 'If an injury has resulted in consequence of a certain act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was the more remote.' Cooley, Torts (2d ed.) p. 73. 'If the original wrong only becomes injurious in consequence of the intervention of some distinct and wrongful act or omission by another, the injury shall be imputed to the last wrong, as the proximate cause, and not to that which was more remote.' " McClure v. Richard, 225 Iowa 949, 954, 282 N.W. 312, 315.

For the reasons stated I would affirm.

HAYS, J., joins in this dissent.